## Hungate v. Hines, Director General of Railroads.

(Decided June 1, 1920.)

### Appeal from Mercer Circuit Court.

1. Railroads—Injuries to Persons on Track—Licensees.—One who relies upon a license to use a part of the railroad track must prove that the place where he was attempting to use it was and had been for some considerable period habitually used by the public as a walk or passway with the knowledge of the railroad company, and until he makes such showing the railroad company owes him no lookout duty and is not responsible for injury to him unless his presence and peril on the track were discovered long enough before the injury to have enabled those in charge

of the train, by the exercise of ordinary care through the means at hand, to have prevented injury to the plaintiff.

2.   Railroads—Crossings—Licensees.—A pedestrian crossing a railroad track at a point other than a public street or way, and who is not a licensee, cannot rely upon the duty of the trainmen to give warning signals of approach to the public crossing even though he be a trespasser on the track at a point in close proximity to such public crossing.

R. L. BLACK and J. L. VANARSDELL for appellant.

E. H. GAITHER and HUMPHREY, CRAWFORD, MIDDLETON & HUMPHREY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

On November 20, 1918, William B. Hungate, while attempting to cross the tracks of the Southern Railway Company in the town of Harrodsburg, was struck by an engine and suffered a very painful injury.  He brought this action to recover damages alleging that the railway company and its servants in charge of the engine were guilty of negligence in failing to sound a warning signal on the approach of the train to the street crossing; and further that the injury happened at a place on the tracks of the railroad habitually used by the public as a thoroughfare, and that all pedestrians traveling in that locality constantly and as a matter of right used the tracks of the railroad at that point as a passway with the knowledge and acquiescence of the railway company, and that this had continued for many years.  At the conclusion of the evidence for the plaintiff Hungate, the court sustained the motion of the railroad company for a directed verdict in its favor, and Hungate appeals.

The accident happened on the railroad track near Office street and within about a hundred yards of the depot of the railway company, in the city of Harrodsburg.  According to the evidence of the plaintiff he was traveling along a path parallel with the railroad track until he came near Office street, which runs at right angles with the railroad.  Here he glanced back over the railroad track to see if a train was coming, and not seeing any he advanced, crossing Office street to the pavement on the other side where he talked to an acquaintance and then started diagonally across the railroad track, and just as he stepped upon the ends of the ties the engine struck him, knocking him some twenty feet and inflicting the injuries aforesaid.

It is appellant's contention that he had barely cross-ed the street and was entering on the railroad track at a point only a few feet beyond said street when he was struck but that the point at which he was struck was one over which the public habitually traveled in going to and from points of public interest in that vicinity with the knowledge and acquiescence of the railway company, and that the railway company as a consequence owed to him as a licensee a lookout duty and was under obliga-tion of sounding a warning signal of the approach of the engine to that point.

The only evidence on the subject of the user of the tracks by the public is the following taken from the tes-timony of appellant:

"Q. How far were you from the pike, this pike, where you were hit? A. It would not be so very far from the pike, I reckon—you know the pike is tolerably close to the railroad—that is about the edge of the pike. Q. Did anybody holloa to you, A. Not as I heard—I never heard anybody. Q. Anybody call anything to you? A. No, sir. Q. The place where you were hurt is a place that is used by everybody that travels up and down there? (Objection; objection overruled.) A. I think so, yes, sir. Q. At the point where you were hurt, I will ask you to tell the jury whether or not that place is com-monly used by the public? A. I have seen many a one use it. Q. Is there a path on each side of the railroad there? A. Yes, sir. Q. Have you seen people passing there at that place? A. Yes, sir. Q. To what extent? A. I have seen a heap of them."

No effort was made to show that the place of the in-jury was within the corporate limits of Harrodsburg nor that it was and is a thickly populated community. The evidence above quoted is wholly insufficient to es-tablish a license on the part of the appellant to use the tracks at the place in question, and he was, therefore, a trespasser if the place of injury was not in the public street or sidewalk which lay along its margin. From part of the evidence of appellant it vaguely appears that he turned on to the railroad track very near the margin of the street, if not exactly at it; while other parts of his evidence make it appear that he was several feet from the street at the time he attempted to cross the railroad tracks. In fact he practically admits that he was not on the public street or walkway of the street at the time of the injury but was some feet therefrom. Had he been

on the street or on the sidewalk near the place where he was injured the evidence would have entitled him to go to the jury, but as he was several feet from the street and at a place on the railroad tracks where he had no right to be, and therefore a trespasser, the railroad company did not owe him the duty of maintaining a lookout nor of sounding a whistle or bell, because his presence on the track at that point was not to be anticipated.

While the case is a close one upon the facts, we are of opinion that the trial court did not err to the prejudice of appellant in sustaining the motion of the railroad company for a directed verdict at the conclusion of the plaintiff's evidence.

Judgment affirmed.