## Louisville Railway Company v. DeMarsh.

(Decided May 16, 1924.)

### Appeal from Jefferson Circuit Court (Common Pleas, Fourth Division).

1. Damages—$3,000.00 for Injuries to Stomach and Back Excessive.—$3,000.00 for alleged injuries to stomach and back, not claimed to be permanent, held excessive.

2. Damages—Speculation Not Permissible Basis of Verdict.—Jury cannot invade field of speculation and base verdict for personal injuries on surmises not supported by tangible and substantial testimony.

3.    Street Railroads—Must Operate Cars at Reasonable Rate of Speed.
      —Street railway must operate its cars at reasonable rate of speed.
4.    Street Railroads—Excessive Speed Must be Proximate Cause of
      Injury.—Recovery cannot be had for a collision by reason of ex-
      cessive speed of street car unless speed was proximate cause of
      collision.
5.    Street Railroads—Instruction on Speed as Cause of Injury Held
      Erroneous.—An instruction exonerating street railway from lia-
      bility if plaintiff brought his automobile in front of street car so
      suddenly that motorman could not stop in time to prevent collision
      while "running at a reasonable rate of speed," was erroneous, as
      permitting recovery even if collision could not have been avoided
      had car been operated at reasonable speed.

      PETER, LEE, TABB & KRIEGER and ALFRED SELLIGMAN
for appellant.

      CHARLES F. TAYLOR and EUGENE R. ATTKISSON for appel-
lee.

      OPINION OF THE COURT BY JUDGE THOMAS—Revers-
ing.

      At about twelve o'clock on May 21, 1921, between
Twenty-fifth and Twenty-fourth streets on Portland ave-
nue in the city of Louisville a street car of the appellant
and defendant below, Louisville Railway Company, col-
lided with the Ford automobile of appellee and plaintiff
below, Gilbert DeMarsh, and damaged it, as well as in-
flicted some injuries on plaintiff, to recover for which he
filed this action alleging that the collision was the result
of negligence of defendant, its agents and servants in
operating the street car.   A denial and a plea of contrib-
utory negligence was contained in the answer, and upon
trial the jury, under the instructions given by the court,
returned a verdict in plaintiff's favor for the sum of
$3,610.00, $3,000.00 of which was for personal injuries
sustained by him, including his physical and mental pain
and suffering.   Defendant's motion for a new trial was
overruled and it has appealed, relying for reversal upon
two principal grounds, which are: (1), that the item of
$3,000.00 composing a part of the verdict is excessive,
and (2), error of the court in giving and refusing instruc-
tions.

      As a prerequisite to an understanding of both of the
grounds relied on it will be necessary to make a brief
statement of the facts as contended for by both sides to
the controversy.   Plaintiff testified that he had been

traveling east on Portland avenue behind the street car with his automobile in which he was carrying several passengers for four or five squares, and between Twenty-sixth and Twenty-fifth streets, each of which run north and south and crosses Portland avenue at right angles, he passed the street car on its left side and placed his automobile astride of the south rail of the car track and continued in that position until he got about two hundred feet beyond Twenty-fifth street, when the street car overtook him and collided with him from the rear, producing the injuries to the automobile and to himself. The right running board of the automobile was damaged and there was a slight damage at its rear near the right side. One of its wheels was also knocked off, but the evidence is contradictory as to which one, though the preponderance of the testimony is that it was one of the right wheels. There is some testimony corroborating that of plaintiff as to how the collision occurred, but the employees of defendant in charge of the street car, a number of passengers thereon, and at least one of the passengers in plaintiff's automobile testified that he undertook to pass the street car on its left side after crossing Twenty-fifth street and turned suddenly in front of it, and according to some of the witnesses not exceeding three or four feet from it, and the car struck the automobile near its rear end, producing the damages to it above stated. Plaintiff and some of his witnesses testified that the street car was traveling at a rapid and excessive rate of speed, while the witnesses for defendant, who testified upon that issue, stated that it was travelling at a moderate and the usual rate of speed. It was also in proof by defendant's witnesses that the motorman was on the lookout ahead and made all reasonable efforts to stop the car so as to prevent the collision after plaintiff had suddenly placed himself in peril.

1. Upon the extent of plaintiff's personal injuries he testified that he was not knocked out of the automobile nor was any of his passengers, although one of them was sitting on one of its doors. He also testified that he was thrown with considerable force against the steering wheel which he was operating and it produced a bruise on his stomach and the jar likewise wrenched or sprained his back, which was thrown against the rear of the seat, producing a surface bruise on that part of his body. He was carried to the office of a nearby phy-

sician, by whom he was given some medicine and who also placed a plaster or bandage of some kind on his back. He was confined in bed at his home for about eight days, after which he was able to walk around and went to the office of defendant and made a statement as to how the accident occurred. He visited his physician for a short time thereafter and in about thirty days from the time of his injury he went to work at a garage as a repairer of automobiles and in which character of work he had engaged prior to his operating his automobile for hire. He worked steadily at the garage thereafter, drawing $4.00 per day wages, and had lost no time from then till the time of trial in January, 1922. He testified, however, that he sometimes had pains in his back, especially in damp weather, but it was positively shown that no abrasion of the skin was produced on any part of his body, nor were any bones broken, nor does it appear that any of his organs were dislocated or otherwise affected more than a possible bruise or jar, and that the consequences of his injuries would, in all probability, sooner or later pass away. There was no testimony of permanent bodily injury sustained by him and his attorneys did not ask for, nor did the court give, any instruction based upon any such injury.

From the testimony, as so substantially outlined, we are constrained to the conclusion that the amount of $3,000.00 returned by the jury was excessive. We are fully cognizant of the fact that the assessment of damages for such injuries is a question for the jury, and that quite a wide latitude is allowed it in the discharge of that duty; but, after all, the jury is not permitted to invade the field of speculation or to base its verdict on surmises not supported by some tangible and substantial testimony. Of course, it might be that it will eventually turn out that plaintiff sustained some secret or hidden injury which has not yet developed, but he failed to show by the testimony he introduced on the trial any reasonable probability of such a possibility and without it the jury was not authorized to take into consideration any such remote consequence.

.  ·  2. Among the universally recognized duties of a street railway company is that it must operate its cars on the streets of a city at a reasonable rate of speed, and to thereby have them under such control as that those in charge of them may check their speed and if necessary

stop them within reasonabe distance so as to prevent accidents. It is, therefore, the rule in this jurisdiction, as well as perhaps all others, that a street car company is negligent and, therefore, liable if the damage sued for was the *proximate* result of excessively rapid speed with which it was operating its cars. But its liability for negligence in that respect is the same as negligence generally in all other respects, *i. e.*, that the negligence in whatever it may consist must be the *proximate* cause of the injury; and if the injury would have occurred regardless of the speed of the car, the operating company will not be liable, although it was negligent with respect to the speed at which it was traveling. What has been stated is in complete harmony with the entire law of negligence, and will not and cannot be disputed.

Instruction 2, given by the court on its own motion, defined the duty of plaintiff in operating his automobile on the streets and said to the jury that if he failed to perform any of the outlined duties, "or if the jury shall believe from the evidence that the plaintiff brought his automobile upon the track of the defendant and in front of the street car so suddenly and so close to the car, that the mortorman in charge thereof, and while running at a reasonable rate of speed, could not, by the exercise of ordinary care on his part, and the use of the means at his command, slacken the speed of his car or bring the car to a stop in time to prevent it from colliding with the automobile of the plaintiff, and the plaintiff or his automobile was thereby injured, then in either of said events, the law is for the defendant, and you should so find," etc. It will thus be seen that the defendant was exonerated from liability under the excerpt from the instruction, if plaintiff brought his automobile in front of the street car so suddenly and so close to it that the motorman in charge thereof could not, by the exercise of ordinary care on his part and the use of the means at hand, slackened the speed of the car, or bring it to a stop in time to prevent the collision, but to entitle it to the exoneration the sudden turning of the automobile in front of the car must have been done, under the instruction, *while* it was "running at a reasonable rate of speed." There could be no exoneration under the instruction if plaintiff suddenly turned in front of the car and the collision could not possibly have been prevented regardless of its rate of speed. Illustrating our meaning, if the street car had been traveling at twenty-five miles

per hour, an acknowledged excessive speed, and plaintiff
had turned his car so suddenly in front of it that it could
not have been stopped in time to prevent the injury had
it been traveling at a speed of five miles per hour, a rea-
sonable rate of speed, then the excessive speed would not
be the *proximate* cause of the collision.   The instruction
given by the court took no cognizance of the supposed
conditions for which there was sustaining testimony, and
it thereby authorized a recovery for excessive speed,
when under defendant's theory such negligence would in
no event have been the proximate cause of the collision.
Submitting its theory, counsel for defendant offered an
instruction saying: "If the jury believe from the evi-
dence that as the car was proceeding eastwardly on Port-
land street between Twenty-fifth and Twenty-fourth
streets, the plaintiff operated his automobile so as to
bring it ahead of the said street car and onto the track
when the car was so close that *had the motorman been
operating his car at a reasonable rate of speed,* he could
not by the exercise of ordinary care in the use of the
means at his command have stopped or checked the said
car in time to have avoided colliding with the said auto-
mobile, then notwithstanding that the motorman may
have been operating the said car at an unreasonable rate
of speed, if he was so doing, the law of this case is for
the defendant, and you will so find" (our italics), but
which the court, on objections by plaintiff, refused.   It
will be seen that the offered, but refused, instruction ex-
onerated defendant from liability if plaintiff's automo-
bile was brought in front of the car so suddenly that the
collision could not have been prevented "had the motor-
man been operating his car at a reasonable rate of
speed," which was tantamount to saying that the ex-
oneration would prevail, although defendant was operat-
ing its car at an excessive speed if the jury believed the
collision would have occurred regardless of that fact;
or, in other words, if the excessive speed was not the
proximate cause of the collision.

This court in the case of Louisville Railway Co. v.
Gaar, 112 S. W. 1130 (not elsewhere reported), had be-
fore it what we construe to be the precise question now
under consideration.   Plaintiff in that case, a child four
and one-half years old, according to the testimony of the
street railway company, suddenly ran in front of its car
so close that it could not possibly be stopped if it had

been running at a reasonable rate of speed. The instruction given in that case rendered the company liable if the street car was running at an unreasonable rate of speed regardless of the suddenness with which the child ran in front of it; and this court, in declaring it to be erroneous, said: "Under this instruction, the jury could not find for the defendant if the car was running at an unreasonable rate of speed, and was not under reasonable control no matter how close to the car the boy came upon the track. But, although the car was running too fast and was not under reasonable control, still the defendant would not be responsible if the child came upon the track in front of the car so close to it that a collision with him could not have been avoided, if the car had been running at a reasonable rate of speed, and had been under reasonable control. Lexington Railway Co. v. Van Laden's Adm'r, 107 S. W. 740, 32 Ky. Law Rep. 1047," and directed that the court on another trial give this instruction: "If the jury believe from the evidence that the plaintiff went out in the street so close to the car that, if the car was running at a reasonable rate of speed as defined in No. 1, the motorman could not by the exercise of ordinary care have perceived his danger, and stopped the car so as to avoid injury to him, the jury should find for the defendant."

The same idea was embodied in an instruction approved by this court in the case of Louisville Railway Co. v. Byers, 130 Ky. 437; and in the case of Hymarsh's Adm'r v. Paducah Traction Co., where similar facts were involved. One of the grounds of liability of the street car company, as contained in the instructions of the court, was that the street car should be operated at a reasonable rate of speed, and upon failure thereof the defendant should be found guilty of negligence, provided however, that such failure (which in that particular was an excessive rate of speed) was the *proximate* cause of the injury; which but followed the universal law of negligence hereinbefore referred to. We have examined all of the cases from this court rendered since the opinion in the Gaar case and we find in none of them, containing similar conditions, any modification of the rule therein announced. We, therefore, conclude that the court should have given the above copied instruction offered by defendant in lieu of the copied one which it did give.

. Other objections to the judgment are argued in brief, but they will perhaps not occur on another trial and are not now determined, but for the reasons stated, the judgment is reversed with directions to grant the motion for a new trial and for proceedings consistent herewith.