## Louisville & Nashville Railroad Company v. Roberts.

(Decided April 28, 1925.)

### Appeal from Shelby Circuit Court.

1. Railroads—Contributory Negligence of Automobile Driver in Emergency Held for Jury.—Contributory negligence of automobile driver, injured in collision, held for jury, notwithstanding automobile ran into train, in view of evidence that driver's view of train was obstructed and that it suddenly appeared without warning, placing him in position of imminent peril, requiring immediate action.

2. Damages—Verdict for More than $5,000.00 Held Excessive, where no Objective Symptoms of Injury or Evidence of their Permanency.—Where there were no objective symptoms of injury to plaintiff, causing tenderness of shoulder and spine, headaches, and nervousness, and none of physicians were able to say that his injuries were permanent, a verdict of more than $5,000.00 was excessive, as being result of passion or prejudice.

WILLIS & WILLIS, TODD & BEARD and WOODWARD, WARFIELD & DAWSON for appellant.

T. B. ROBERTS and BARRICKMAN & KALTENBACHER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment in favor of appellee for injuries to his person and his automobile.

The accident occurred at the point where the Christiansburg and Cropper turnpike crosses appellant's tracks about one-fourth of a mile west of Christiansburg. There was sufficient evidence of the unusually dangerous character of the crossing, and of appellant's failure to give the statutory signals, and to take such further precautions as the character of the crossing required, to authorize the submission of those questions to the jury. Notwithstanding this fact it is insisted that appellee is not entitled to recover because he drove his machine into the train which had reached the crossing. Cases of that kind may arise where no recovery may be had, but in this case appellee's evidence makes it impossible to reach such a conclusion as a matter of law. He says that because of the physical obstructions he was unable to see the train until he was about three feet from the track when it suddenly appeared. Had he put on the brake his car would have stopped on the track right in front of the engine. To avoid a collision he turned his car to the right when some portion of the engine, or one of the cars, struck the fender of his machine, and threw it against the embankment, and he was either thrown to the ground or jumped from the machine, and received the injuries of which he complains. Manifestly, if his view of the approaching train was obstructed and it suddenly appeared on the crossing without giving any warning of its approach, as his evidence tended to show, the case is one where, by the negligence of appellant, he was suddenly placed in a position of imminent peril, requiring immedi-

ate action, and if in the emergency he endeavored to avoid a collision by turning his car, and this caused it to come in contact with the train, he was not guilty of contributory negligence even though on reflection he might have adopted a safer course, provided he used such care as an ordinarily prudent person would have used under the same or similar circumstances, which was a question for the jury. L. & N. R. Co. v. Adams' Admr., 205 Ky. 203, 265 S. W. 623. It follows that appellant was not entitled to a peremptory instruction on the ground that appellee drove his machine into the train.

The amount of the verdict presents a more serious question. It is apparent that appellee was allowed more than $5,000.00 for his personal injuries. The accident happened on Saturday. After the accident appellee cranked the machine and drove it home. He did not consult a physician until the following Monday. At the time he had no bruises on his body, but gave evidence of tenderness at the shoulder as though some of the attachments there had been torn, and also complained ·of a headache and of spinal tenderness. He also appeared to be nervous and depressed. This condition was attributed to concussion of the spinal cord. Appellee himself testified that he suffered a great deal from headache and nervousness, that his eyes were bloodshot, that he was unable to sleep, and could not do any work on the farm, and that since the accident his weight had fallen from 200 pounds to 170 pounds. On the other hand, the witnesses for appellant were unable to discover any injury other than the soreness of which appellee complained. Furthermore, appellee himself admitted that his nervous condition had improved at the time of the trial, and none of the physicians were able to say that his injuries were permanent. While we are loath to set aside verdicts on the ground that they are excessive, yet where there are no objective symptoms of injury, and none of the physicians are able to say that the injuries are permanent, we cannot avoid reaching the conclusion that a verdict for more than $5,000.00 is so excessive as to strike us at first blush as being the result of prejudice or passion.

We find no other error.

Judgment reversed and cause remanded for a new trial consistent with this opinion.