## Louisville & Nashville Railroad Company v. Iacobucci.

## Same v. Sumpter.

(Decided December 6, 1927.)

### Appeals from Harlan Circuit Court.

1. Railroads.—In actions against a railway company for the death of an individual and the destruction of property by a train's striking an automobile near a railroad crossing, where it was shown that in attempting to avoid a collision the driver of the automobile had run on to the track a short distance from the crossing, whether the railway company's negligence caused the plaintiff's injuries held for the jury.

2. Railroads.—Where a truck driver, in attempting to avoid a collision with a train at a crossing, ran onto the track a short distance from the crossing, at which place his car was struck and injured by the train and his passenger was killed, held, in actions for property damage and for passenger's death, that the question of whether the automobile driver was contributorily negligent was for the jury.

WOODFORD, WARFIELD & HOBSON, ASHBY M. WARREN, J. C. ADKINS, J. C. BAKER and LOW & BRYANT for appellant.

C. B. SPICER, B. B. GOLDEN, J. S. GOLDEN and A. J. VALERIO for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

These two appeals have been consolidated. The judgment in the first captioned case was for $3,750 in favor of the appellee in that case. The judgment in the second captioned case was for $300 in favor of the ap-

pellee in that case, and it is here on a motion to grant an appeal.

The appellant in each of these cases waives all errors which may appear in the record except the alleged error that the lower court should have given a peremptory instruction to find for it. This necessitates our examining the evidence offered in behalf of the appellees. Both suits grew out of the same accident.

The accident happened on December 15, 1924. Sumpter conducted a store at what was then known as Poor Fork, Harlan county. The name has since been changed to Cumberland. In connection with his store Sumpter owned a one-half ton motor truck which was driven by his employee, L. E. Creech. On the afternoon of that day Creech, accompanied by his cousin, Ted Creech, drove the truck to Benham on Sumpter's business. As they returned they picked up the decedent, Iacobucci, at Benham. He did not ride on the seat in front, but apparently rode on the back end of the truck. After reaching Cumberland it was necessary for them to pass over appellant's tracks at what is called the Main street crossing in going to the store of Sumpter. Before the truck reached the crossing appellant's engine with a caboose attached thereto, which had been standing a few feet beyond the crossing, started to back south over it. When the driver of the truck saw the engine, he reached the conclusion that he would not be able to stop the truck before it reached the crossing, and that the truck and the engine would collide. He turned the truck off the street several feet from the crossing, ran off the road, and struck the railroad embankment, but the truck did not stop when he struck the embankment, but climbed it and went onto the track before the engine reached the point. The engine backed against the truck and pushed it along the track for several feet, when it was turned over, with the result that Iacobucci was killed, the driver of the truck injured, and the truck seriously damaged.

Appellant insists that the cases that were tried were not the real cases at all which should have been tried. The cases were tried as if the train had struck the truck on the crossing, and as if all the duties that a railroad company owes to highway drivers at public crossings frequently used were required of appellant on that occasion. It is insisted by appellant that this was error because the collision did not occur on the crossing. It is

its contention that instead of the precautions due drivers at highway crossings required by the rulings of the lower court and the instructions given, the appellees were tres- passers at the point where the caboose struck the truck, and therefore appellant owed them no duty other than to use such precaution as it could after discovering their danger.

It is not alleged in the petitions that the caboose col- lided with the truck on the crossing, but it is admitted that the collision occurred some feet from the crossing. This fact is also established by the proof. Counsel for appellees, however, take the position that the occupants of the truck were suddenly placed in imminent peril as the result of appellant's negligently backing the train over the crossing without signal or warning, or without maintaining a lookout, and, as the truck was driven onto the track in an effort to save the occupants from the danger caused by the negligence of appellant, the case should be treated the same as if the accident occurred on the crossing.

L. E. Creech testified that as he approached the crossing at the time of this accident he was making from 5 to 10 miles an hour until he reached the end of the pavement, but after he reached the pavement he drove faster. He picked up speed after he drove onto the con- crete until he reached 18 miles an hour, and then he slowed down to 10 or 12 miles an hour. As he approached the crossing he stated that he was looking for trains, or for the smoke of a train, or for any evidence of a train that might be about the crossing. He decided that the crossing was clear and picked up a little speed. His view was obstructed by a building and also by a box car. When he was within about 25 feet of the track he saw the engine and caboose backing, and at the time it was about 10 feet from the crossing. He decided that he could not stop the heavy truck in the short distance be- fore he would collide with the engine or caboose, and he therefore cut the truck to the right with the intention of running it into the embankment where it would stop. When the truck struck the embankment, he testified that it seemed to bounce up and went across the track and stopped with the front wheel on the far side of the track. He then saw that the backing engine and caboose were about to strike the truck and he attempted to open the door and get out. The caboose came in contact with the

truck and pushed it some distance up the track, when it turned over with the result above stated. He also testified that no signals of any kind were given by trainmen.

Corbin Hall testified for the appellees. At the time of the accident he was a section laborer on the tracks of appellant. He was standing at the railroad crossing at the time of the collision. The first thing he saw was the engine and caboose backing up the track slowly. The engine was not moving at a greater rate of speed than 3 or 4 miles an hour. He saw that the engine was going to back into the truck, and he stepped into the middle of the street where he could see into the caboose and tried to flag the engineer. He testified that he also called to the engineer at the same time, but that the engineer was looking up the hill to the left at a Ku Klux parade. Neither he nor the fireman was looking ahead. No one on the train was paying any attention to the crossing, but those who were in the train were looking at the parade. This witness said that he saw that the engineer was going to back his engine and caboose into the truck, and that he became excited and tried to attract the attention of the engineer by hallooing to him and also by giving him signals. According to the evidence of this witness the engineer did not know when he backed against the truck, but pushed it 30 or 40 feet after the caboose came in contact with it. Another person, Mr. Burdine, was passing, and he also tried to attract the attention of the engineer.

Without attempting to go more into detail touching the evidence, we will say that the evidence referred to is sufficient to establish negligence on the part of appellant in approaching the crossing. These witnesses were contradicted by witnesses for appellant, but the only thing we are to ascertain is whether there was sufficient evidence to take the case to the jury, and there can be no question about that unless appellant should be excused on the ground that it is not responsible for the act of the driver of the truck in leaving the roadway and driving onto the track at a point other than the crossing.

The case of Hungate v. Hines, 188 Ky. 365, 222 S. W. 83, cited by appellant, is not similar to this case. In that case Hungate did not claim that he was forced to leave the road which led across the railroad track and

go onto the track at some other point on account of the negligence of the railroad company.

While the case of L. & N. R. R. Co. v. Roberts, 208 Ky. 692, 271 S. W. 1036, is not a parallel case, yet it supports the conclusion we have reached. In that case it was shown that because of physical obstructions the driver of the automobile was unable to see the train until he was very close to the track when it suddenly appeared. If he had attempted to stop when he discovered the train, his automobile would have stopped on the track in front of the engine. To avoid the impending collision he turned his car, when there was a collision by reason of some portion of the engine or of the train of cars striking the fender of the automobile. In that case the court said:

"Manifestly, if his view of the approaching train was obstructed and it suddenly appeared on the crossing without giving any warning of its approach, as his evidence tended to show, the case is one where, by the negligence of appellant, he was suddenly placed in a position of imminent peril, requiring immediate action, and if in the emergency he endeavored to avoid a collision by turning his car, and this caused it to come in contact with the train, he was not guilty of contributory negligence even though on reflection he might have adopted a safer course, provided he used such care as an ordinarily prudent person would have used under the same or similar circumstances, which was a question for the jury."

This case, if the testimony of appellees is true, was one where the driver of the truck was placed in imminent peril by reason of the negligence of appellant in failing to give proper signals or to keep a proper lookout at the crossing. If at the time his truck went upon the track some 30 or 40 feet from the crossing, the driver was seeking to extricate himself from the peril in which he had been so placed, and in so doing he was exercising ordinary care for the safety of himself and those in the truck, he makes a case on his evidence which should have been submitted to the jury.

The case of L. & N. R. R. Co. v. Adams' Adm'r, 205 Ky. 203, 265 S. W. 623, is in harmony with the case last cited above. That was a case where the driver of an

automobile was placed in sudden peril by reason of the negligence of the railroad company, and in an effort to extricate himself from the peril he drove his automobile against the train.

We perceive no difference in those cases and in this, other than in this case the driver of the truck by swerving it prevented a collision until his truck went up on the track in front of the backing engine. When his truck went on the track, according to his evidence and others testifying for appellees, the driver was still acting under the impulse of the sudden peril which had confronted him, growing out of the negligence of the appellant.

It is insisted that the driver of the truck turned it onto a used dirt road, but there is evidence that he was unable to make the turn and drive his truck down the dirt road. As to whether he was guilty of contributory negligence in not keeping his truck on the dirt road was a question for the jury.

We have reached the conclusion that the evidence was sufficient to take the cases to the jury, and appellant waives all other errors that may appear in the record.

Appellees prosecuted a cross-appeal, but in the brief filed in their behalf we find no reference to it, and, as it is not insisted upon by counsel for appellees, we do not deem it our duty to search out the errors complained of in their motions and grounds for a new trial, if perchance there might be errors prejudicial to the substantial rights of appellees.

In the case of Louisville & Nashville Railroad Company v. J. A. Sumpter, the appeal is denied and the judgment affirmed. In the case of Same Appellant v. Iacobucci's Administrator the judgment is affirmed.

Judgment affirmed on original and cross appeals.