FELDT (AUGUSTA), Respondent, vs. COHEN and others, Appellants.

FELDT (ALBERT), Respondent, vs. COHEN and others, Appellants.

FELDT (MARGARET), by guardian *ad litem*, Respondent, vs. COHEN and others, Appellants.

*May 11—September 12, 1933.*

For the appellants Charles B. Besch, Othmer Besch, and General Casualty Company of Wisconsin there was a brief by *Hannan, Johnson & Goldschmidt,* attorneys, and *Martin R. Paulsen* of counsel, and oral argument by *Mr. Paulsen* and *Mr. Robert A. Tehan,* all of Milwaukee.

For the respondents there was a brief by *Rubin & Zabel,* attorneys, and *W. B. Rubin* of counsel, all of Milwaukee, and oral argument by *Mr. Rubin.*

The following opinion was filed June 6, 1933:

NELSON, J. The plaintiffs Augusta Feldt and Margaret Feldt, at the time of the collision, were riding in defendant Cohen's car as his guests. The plaintiff Albert Feldt is the husband of Augusta Feldt. The Cohen car, at the time of

the accident, was being driven in an easterly direction on highway O, a concrete highway which runs through a part of Waukesha county, toward Milwaukee. The. Besch car, at the time of the accident, was being driven in a westerly direction along said highway. The collision occurred at about two o'clock in the afternoon of a clear, dry, summer day. The issues were submitted to the jury by special verdict. The jury found that defendant Cohen was negligent in respect to keeping a proper lookout, in respect to the speed at which he was operating his automobile, and in respect to the management and control thereof; that defendant Besch was negligent in respect to keeping a proper lookout, in respect to the speed at which he operated his automobile, in respect to operating his automobile to the left of the center of the highway, and in respect to the management and control thereof; that the negligence of the defendants in each respect found was a cause of the collision; that the plaintiffs Augusta Feldt and Margaret Feldt were not guilty of contributory negligence and did not acquiesce in any of the several negligent acts of defendant Cohen, their.host, and that the damages sustained were as follows: Augusta Feldt $13,500, Margaret Feldt $250, and Albert Feldt $2,500. The usual motions to change the answers were made. The trial court sustained the answers of the jury to all of the questions with the exception of the answers to the two questions which assessed the damages sustained by Augusta Feldt and Albert Feldt. In the action brought by Augusta Feldt the court entered an order providing for the setting aside of the verdict and the granting of a new trial unless the plaintiff should elect within twenty days to take judgment for $5,800 and costs, or, in case of the plaintiff's failure so to elect, unless the defendants should elect to allow judgment to be taken against them for $7,000. *Campbell v. Sutliff*, 193 Wis. 370, 214 N. W. 374; *Osborne v. Montgomery*, 203 Wis. 223, 234 N. W. 372; *McCumber v. Rovelsky*, 203 Wis.

158, 233 N. W. 627. The plaintiff Augusta Feldt elected to take judgment for $5,800 and costs. In the action brought by Albert Feldt the court entered an order likewise providing for the setting aside of the verdict therein and granting a new trial unless the plaintiff should elect to take judgment against the defendants for $1,600 and costs or, in case of his failure so to elect, unless the defendants should elect to allow judgment to be taken against them for $2,000 and costs. The plaintiff Albert Feldt elected to take judgment for the sum of $1,600 and costs. Separate judgments were entered against the principal defendants and their insurance companies. Underwriters Casualty Company did not appeal. Defendant Cohen did not serve a brief and his appeal was, on motion, dismissed.

Defendants Besch contend that the verdict in respect to the negligence of the driver of the Besch automobile is not supported by the evidence; that the evidence establishes that Cohen's negligence was the sole cause of plaintiffs' injuries; that the damages as reduced by the court are still excessive, and that the trial court erred in overruling the plea in abatement filed by defendant General Casualty Company of Wisconsin.

We have carefully read the record and have concluded that the evidence, which was conflicting, supports the answers of the jury as to the negligence of both defendants. No useful purpose would be served by reciting the evidence at length.

As to the damages as reduced by the court and accepted by the plaintiffs Augusta Feldt and Albert Feldt, we cannot say that they are excessive. The trial court evidently gave careful and conscientious consideration to the matter of damages. The trial court had the advantage of seeing the plaintiff Augusta Feldt, hearing her testimony at the trial, and observing her condition at that time. If we might with certainty conclude that the hysteria from which she suffered at

the time of the trial was only temporary and would readily yield to treatment, then the damages might be considered excessive. If, however, her recovery is delayed or incomplete, the damages awarded may be inadequate. In this situation we cannot say that they are excessive. What has been said in regard to the damages recovered by Augusta Feldt, the wife, applies to the damages sustained by her husband, Albert Feldt, since the amount of his damages is dependent upon the physical and mental condition of his wife.

As to the plea in abatement filed by General Casualty Company of Wisconsin, and as to the trial had thereon, nothing is found in the record or bill of exceptions except the plea itself. It appears from the briefs that such plea in abatement was tried before the court without a jury in the judge's chambers and that such plea was overruled. It is alleged in the plea that the policy issued by the said company to Charles B. Besch & Son contained a "no-action clause" identical with that found in *Morgan v. Hunt,* 196 Wis. 298, 220 N. W. 224, and subsequent cases. However, there is nothing in the bill of exceptions relating to the trial of that issue. We therefore have before us none of the testimony taken upon the trial of that issue, nor the insurance policy itself. In this situation we are not in a position to pass upon the contention that the court erred in overruling the plea in abatement.

No contentions are made with respect to the judgment entered in favor of Margaret Feldt.

*By the Court.*—The judgments in all three cases are affirmed.

A motion for a rehearing was denied, with $25 costs in one case, on September 12, 1933.