# Aetna Oil Co. v. Metcalf.

Nov. 16, 1945.

818

Davis, Boehl, Viser & Marcus for appellant.

Woodward, Dawson, Hobson & Fulton for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This is the second appeal of this case, and as the facts are set out in the former opinion reported in 298 Ky. 706, 183 S. W. 2d 637, it will not be necessary to again enumerate them. Only two questions are presented on this appeal: (a) was the verdict of $6,000 excessive where the evidence shows no permanent injury; and (b) may appellant complain of an instruction on this appeal to which no objection was made on the former appeal?

The transcript of the evidence on this appeal is practically the same as shown in the record on the former appeal. The verdict upon which judgment was entered was for $6,123.40, of which $6,000 was awarded appellee in compensation for his pain and suffering, and the remaining $123.40 was to reimburse him for doctors' bills, about which there is no controversy.

Metcalf suffered a severe injury to his brain on May 26, 1942, and at the time of the trial on March 19, 1945, which resulted in this appeal, his condition had materially improved but his recovery was not complete. The tenor of the medical testimony is that he will eventually recover but it will be a slow process. It is true that most of his symptoms are subjective, but Dr. Franklin Jelsma, who specializes in diseases of the brain, testified Metcalf suffered a concussion of the brain and a bruise of the thin membrane which encloses that organ None of the physicians testifying, nor any of the lay witnesses, were of the opinion that Metcalf was malingering. In March, 1944, he resumed command of a district platoon of police, the character of work in which he was engaged at the time of the accident. But since the for-

mer trial he has suffered two rather serious falls, the first incapacitating him for eight and the second for six weeks. Metcalf attributes these falls to impairment of his power of coordination, or balance, as a result of this head injury, and Dr. Jelsma testified that the blow caused some disturbance in balance.

While Metcalf's injury is not permanent it is to the brain and has proven not only to be quite serious but of extended duration. The last trial was had almost three years after the accident and his recovery was not then complete. This is not a case where the injured person may be malingering nor is it a case of a person who suffers sharp or excruciating pain for a space of weeks or months being aware of the fact that in a comparatively short time his recovery will be full and complete. In the present instance there was an injury of such character to the most important and delicate of all human organs that the victim still suffers almost three years after the accident and where the doctors can not say when his recovery will be complete. Due to impairment of memory, a slackening of initiative and energy, accompanied by inability to sleep, nervousness, dizziness and some lack of balance, Metcalf has suffered not only great physical pain but much mental anguish as to what his future condition will be and as to whether he will be able to physically hold his job on the police force.

There is no rule of law fixing a monetary measure of damages for pain and suffering in personal injury cases. But the matter must be left to the sound discretion of the jury, whose verdict will not be disturbed unless it appears to have been influenced by partiality or prejudice, or that the jury have been misled as to the merits of the case. While the amount of the verdict must of necessity be controlled by the facts of the individual case, Kentucky Traction & Terminal Co. v. Downing, 152 Ky. 25, 153 S. W. 32, yet there is no better method of solving the problem of whether the verdict is excessive than by comparing the injuries suffered with the amount of the verdicts returned in similar cases. Louisville & N. R. Co. v. Fox, 11 Bush 495, 74 Ky. 495, 510.

In Columbia Amusement Co. v. Rye, 288 Ky. 179, 155 S. W. 2d 727, we refused to hold a $5,000 verdict excessive where a sixty-seven year old woman suffered a frac-

tured pelvis, was confined in an infirmary for thirteen weeks and endured great agony of mind and body although the fracture knitted satisfactorily and resulted in no permanent injury. Here, as there, the injury although not permanent was very serious and had caused, and in the future will cause, much mental anguish and bodily pain. As we view the two cases, Metcalf's injury is more severe than Mrs. Rye's and is reasonably calculated to cause him greater suffering than she endured. We are of the opinion from the facts and circumstances shown in this record that a verdict of $6,000 is not excessive. The injuries Metcalf received are quite similar to those suffered by plaintiffs in Feldt v. Cohen, 212 Wis. 398, 248 N. W. 798, and Simonsen v. Thorin, 120 Neb. 684, 234 N. W. 628, 81 A. L. R. 1000. In the Feldt case damages in the sum of $5,800 and in the Simonsen case damages in the sum of $5,000 were held not to be excessive. See 15 Am. Jur., section 211, page 630; 46 A. L. R. 1266; 102 A. L. R. 1197-1210, where many authorities are collated showing verdicts for brain injuries which were held not to be excessive and others to be excessive.

In arguing that this verdict is excessive appellant relies upon such cases as Louisville & N. R. Co. v. Roberts, 208 Ky. 692, 271 S. W. 1036; Louisville Ry. Co. v. De Marsh, 203 Ky. 231, 262 S. W. 13; Fischer v. Eby, 272 Ky. 554, 114 S. W. 2d 768, and others of like character. Without consuming the time and space necessary to analyze these opinions, it will suffice to say that none of them show an injury comparable in seriousness and duration to Metcalf's brain injury, or one which caused the suffering he has endured.

On the former trial, as well as the one from which this appeal is prosecuted, the court instructed the jury:

"The fact that Metcalf received his regular salary from the city is immaterial here and cannot be considered by you in fixing the damages for his injury to be paid by the defendant which caused the injury."

On the former appeal appellant made no complaint of this instruction and in our opinion reported in 298 Ky. 706, 183 S. W. 2d 637, on page 639, we said:

"As no complaint is made in the Company's brief

of the instructions, it is unnecessary for us to say whether that part of the instructions was erroneous which told the jury it was immaterial that Metcalf received his regular salary and this fact should not be taken into consideration in fixing his damages.''

Without expressing an opinion as to whether or not this instruction is erroneous, we do say it appeared in the record on the previous trial and appellant might have relied upon it then for a reversal of the judgment; but having failed to do so, he can not under the law of the case rule rely upon it on this appeal. No rule is more firmly established in this jurisdiction than the one that the opinion on the first appeal becomes the law of the case not only as to the errors there relied upon for reversal but also as to errors appearing in the first record that might have been but were not there relied upon for a reversal. Pieck v. Carran, 289 Ky. 110, 157 S. W. 2d 744; Correll et al. v. People's Bank, 246 Ky. 356, 55 S. W. 2d 8; Saylor v. Commonwealth, 243 Ky. 79, 47 S. W. 2d 736.

The judgment is affirmed.