**Ray R. COOPER, Administrator of the Estate of William Charles Cooper, Deceased, Appellant,**

v.

**LOUISVILLE & NASHVILLE RAILROAD COMPANY, Appellee.**

Court of Appeals of Kentucky.

Feb. 13, 1959.

C. B. Upton, Williamsburg, Carlos B. Pope, Barbourville, for appellant.

C. S. Landrum, Sr., C. S. Landrum, Jr., Lexington, H. M. Tye, Lowell W. Lundy, Barbourville, H. G. Breetz, James M. Terry, Louisville, for appellee.

STEWART, Judge.

The case arose out of the fatal injury of a fifteen-year-old boy in the small village of Himyar in Knox County. In an action filed by the personal representative against the Louisville & Nashville Railroad Company (herein called the L. & N.) to recover $106,000 based upon the death of the boy, the lower court, at the conclusion of plaintiff's evidence, peremptorily directed the jury to return a verdict for L. & N. This appeal is from a judgment dismissing the complaint.

On May 14, 1956, late in the afternoon, William Charles Cooper, together with his brother, Robert, and one Frankie Locke, all boys of approximately the same age, went swimming in the Cumberland River which runs near their home in Himyar. They remained in the water about thirty minutes and then started on foot toward their

homes. They followed a highway which leaves the river and parallels the railroad for a short distance, and then crosses the tracks and continues alongside the railroad on the opposite side. When they reached the railroad, they left the highway and proceeded down the tracks. While they were thus walking along, a freight train having three diesel engines and over a hundred cars, suddenly rounded a curve some 300 feet to the rear of them and bore down on them.

Charles William Cooper was hit by the train and killed. The other two boys escaped injury. The spot where young Cooper was struck was about 30 feet from the crossing. The two boys who survived stated they knew nothing of the presence of the train until it was about 20 feet from them. The evidence tends to show no whistle was sounded nor bell rung until just before or at the moment young Cooper was struck. It was also disclosed the crossing was in daily use by vehicles and pedestrians.

■ It is maintained that since L. & N. had placed a whistle post and a crossarm sign at the highway crossing, coupled with the undisputed evidence introduced that people used it every day, the crossing was established to be a public one; and, this being an undisputed fact, it is therefore contended the provisions of KRS 277.190 applied and such were disregarded by the failure of L. & N. to give the required warning signals. The statute reads:

"Every railroad company shall provide each locomotive engine running over any of its lines with a bell of ordinary size and a whistle. The bell shall be rung or the whistle sounded, outside of cities, at a distance of at least fifty rods from the place where the track crosses upon the same level any highway or crossing at which a signboard is required to be maintained, and the bell shall be rung or the whistle sounded continuously or alternately un-

til the engine has reached the highway or crossing. * * *"

Counsel for appellant admit in their brief the three boys were trespassers on L. & N.'s railroad at the time of the accident that resulted in young Cooper's death. There is no controversy between the parties as to the well-known rule that under the law no duty is owed the trespasser until his peril is discovered.

The proximity of a public crossing to the site of the accident under consideration created no precautionary duties as regards KRS 277.190 upon the part of L. & N. toward appellant's decedent. This proposition is set forth in this statement from 44 Am.Jur., Railroads, sec. 463, pp. 694-695, where it is said:

"The general rule is that the duty imposed by law upon a railroad company to give signals upon the approach of a train to a public crossing is imposed solely for the protection of persons on the highway who are using or are about to use the crossing, and not for the protection of persons who are not on the highway or are not using or about to use the crossing. As to these latter persons, failure to give the required signals is not negligence. Statutes requiring the giving of signals on the approach of a train to a crossing are not intended for the protection of trespassers or licensees on or alongside the tracks, and as to them a failure to comply with the statute is not negligence."

■ The railroad running through Himyar is double-tracked and use of the track upon which young Cooper was walking had been discontinued on the morning of the day he was killed. The train that struck the boy was traveling north on the track that formerly had been used for southbound traffic. It is argued the boys, not knowing only one track had been designated to accommodate all trains, thought they were walking safely, facing any trains that would

approach. Appellant appears to imply the change in the movement of trains on the track where young Cooper was hurt, without any knowledge on his part that such had happened, imposed liability upon L. & N. for his death.

This argument is fully answered by this excerpt taken from 44 Am.Jur., Railroads, sec. 453, p. 682: "A trespasser or licensee walking along a railroad track cannot successfully base a claim of liability against the railroad company for injury upon the mere fact that the train which injured him was running on a track ordinarily used by trains going in the opposite direction." See also Louisville & N. R. Co. v. Asher's Adm'r, 178 Ky. 67, 198 S.W. 548, L.R.A. 1918B, 211.

■ There is no evidence that any of L. & N.'s operators of the diesel engine saw young Cooper until just before he was hit. In the reply brief of appellant's counsel, on page three, this language appears on that point: "It is not testified, and we certainly cannot say, that the train crew did see the deceased before the train struck him." This statement occurs in connection with the argument that L. & N.'s trainmen in charge of running the train failed in their duty to keep a lookout. However, since it is admitted the boys were trespassing on L. & N.'s property, L. & N.'s diesel operators were under no legal compulsion to watch out for them.

In the case of Gregory v. Louisville & N. R. Co., 79 S.W. 238, 239, 25 Ky.Law Rep. 1986, it was said in substance that if railroad companies should be compelled at all places up and down their lines to run their trains with the view of maintaining vigilance for the safety to trespassers the result "would be to practically abandon the road to them" and such a requirement would so retard the railroad business as to virtually destroy it. See also Louisville & Nashville R. Co. v. Stidham's Adm'x, 194 Ky. 220, 238 S.W. 756.

■ Since young Cooper was a trespasser to whom no duty was owed, unless

and until his peril was discovered, and since there is nothing in the record to indicate his peril was ascertained in time to avert the accident that occasioned his death, we conclude the lower court correctly directed a verdict for L. & N.

Wherefore, the judgment is affirmed.