LOUISVILLE AND NASHVILLE RAILROAD COMPANY and George Flynn, Appellants,

v.

Charlie HALL, Administrator of Estate of John A. Hall, Deceased, Appellee.

Court of Appeals of Kentucky.

March 20, 1959.

Rehearing Denied Oct. 9, 1959.

H. G. Breetz, J. M. Terry, Louisville, Denney & Landrum, C. S. Landrum, Lexington, Stephen Combs, Jr., Whitesburg, for appellants.

Cordell H. Martin, Hindman, D. G. Boleyn, Hazard, F. Byrd Hogg, Whitesburg, for appellee.

CLAY, Commissioner.

John Hall, 79 years old, was struck and killed on appellant's track by one of its trains. A jury awarded his administrator $15,000 plus funeral expenses. The controlling question is the railroad's right to a directed verdict.

The deceased was a trespasser. He was struck while standing outside the rail and leaning over the track, apparently trying to retrieve something with his cane. The place was 30 or 40 feet south of a crossing with light and bell signals.

The train consisted of 51 cars and approached from the south at a speed of 30 miles an hour. The engineer had a clear view to the crossing for about 1,100 feet.

Two witnesses besides the engineer saw the deceased shortly before he was struck. They were motorists who had stopped at the crossing in obedience to the signals. Their view of the train was partially blocked. They did see the deceased at or near the track very briefly before they heard the train whistle (apparently the distress signal) and saw it strike the deceased. One of these witnesses estimated that the whistle was blown when the train was 50 yards south of the point of the accident.

The engineer testified: He saw an object clear of the track on the right hand side as he approached; he could not identify it until he was about 200 feet away; about the time he discovered it was a man, the latter walked up on the side of the track and began digging between the rails; he immediately switched from his crossing whistle signal to a distress signal and applied his brakes in emergency; the train could not be stopped before striking the deceased.

Since admittedly the deceased was a trespasser, the only duty owed him by appellant was to exercise ordinary care to avoid injuring him after his position of peril was actually discovered. Chesapeake & O. Ry. Co. v. Nipp's Adm'x, 125 Ky. 49, 100 S.W. 246; Chesapeake & O. Ry. Co. v. Hayes' Adm'r, 278 Ky. 461, 128 S.W.2d 763. Plaintiff contends appellant's en-

gineer had a duty to keep a lookout approaching the grade crossing, but obviously this duty applies only to those on or using the crossing. See Hungate v. Hines, 188 Ky. 365, 222 S.W. 83; Louisville & N. R. Co. v. Brush's Adm'r, 263 Ky. 538, 92 S.W.2d 760; Cooper v. Louisville & Nashville Railroad Co., Ky., 321 S.W.2d 53.

The significant issue in this case is whether or not there was any substantial evidence that the engineer discovered the peril of the deceased in time to avoid the accident. It is not the discovery of the person but the discovery of peril that is important. Louisville & Nashville Railroad Co. v. Wallace, Ky., 302 S.W.2d 561.

According to the engineer the deceased was not in a perilous position until it was too late for him to avoid the accident. The testimony of the eye witnesses does not contradict him. The physical facts do not contradict him. Actually the evidence shows the deceased could have extricated himself from the danger at any moment until he was struck.

Appellee relies on the cases of Wimsatt's Adm'x v. Louisville & N. R. Co., 235 Ky. 405, 31 S.W.2d 729, and Cincinnati N. O. & T. P. Ry. Co. v. King's Adm'x, 284 Ky. 694, 145 S.W.2d 1053. In both of those cases the trespassers were lying in the middle of the track in an unconscious and helpless condition. This is a significant distinguishing feature.

We are of the opinion appellant was entitled to a directed verdict, and its motion for a judgment notwithstanding the verdict should have been sustained.

The judgment is reversed with directions to enter judgment for the appellants.