## Simpson v. Louisville, Henderson & St. Louis Railroad Company.

### (Decided March 3, 1925.)

### Appeal from Daviess Circuit Court.

1. Railroads—Verdict for Railroad Held Supported by Evidence as to Signals.—Verdict for railroad, sued for injuries to automobilist in collision at private crossing, held supported by testimony as

to sounding of crossing signals and plaintiff's failure to look before driving on track.

2. Railroads—Injury from Failure to Give Customary Signals at Private Crossing Actionable.—Driver of automobile struck by train at private crossing cannot recover for injuries, unless custom to give signals of approach to such crossing had prevailed to such extent that persons using it had reason to rely on signals being given, and driver was struck because of failure to give reasonable signals.

3. Railroads—Signal, Ordinarily Sufficient, Reasonable.—Signal, ordinarily sufficient to give notice of train's approach to private crossing to persons exercising ordinary care for their own safety and in possession of their ordinary faculties, is reasonable.

4. Railroads—Automobilist Must Exercise Ordinary Care to Learn of Train's Approach to Private Crossing.—Automobilist approaching private crossing must use care usually expected of ordinarily prudent person to learn of approach of train and keep out of its way, and cannot recover for injuries resulting from failure to do so, though railroad's employees were negligent in not giving customary signals.

5. Negligence—"Ordinary Care" Defined.—"Ordinary care" is such care as ordinarily prudent person would exercise under like or similar circumstances.

6. Negligence—"Negligence" Defined.—"Negligence" is failure to use or exercise ordinary care.

7. Railroads—Signals Held Not Required at Private Crossing.— Signals, required by Ky. Stats., section 786, of approach of train to public crossing, need not be given at private crossing of distillery, not in operation, at which there were few persons except on bottling days, which were only occasional.

8. Railroads—Instruction on Contributory Negligence in Not Adopting Best Means of Escape from Peril Held Not Warranted by Evidence.—Refused instruction that, if plaintiff was suddenly placed in peril by failure to give reasonable warning of train's approach or operation thereof at negligent rate of speed, he was not contributorily negligent in not adopting best means of escape, if he acted as one of ordinary judgment and prudence would have done, held not warranted by evidence.

9. Trial—Refusal of Instruction Absolving Plaintiff from Contributory Negligence in Certain Circumstances Held Not Prejudicial.— Question of trainmen's failure to give reasonable warning of train's approach to crossing being fully submitted by instructions given, refused instruction as to contributory negligence in not adopting best means of escape if suddenly placed in peril by such failure could not have affected result.

W. E. AUD and J. R. HIGDON for appellant.

SANDIDGE & SANDIDGE for appellee.

Opinion of the Court by Commissioner Hobson— Affirming.

The Rock Springs Distillery is situated several miles west of Owensboro in Daviess county. The public highway between Owensboro and Stanley runs near the distillery. The distillery built a roadway leading from the public highway to its distillery. This roadway crossed the Louisville, Henderson & St. Louis Railroad. On October 31, 1922, Dr. C. E. Simpson, who lived in Owensboro, went out to the distillery in his Ford car with a friend to get some gauging instruments belonging to the latter. After they got the instruments they started back to Owensboro and as they were crossing the railroad track the rear of the car was struck by a rapidly. running passenger train going north. It was about four o'clock in the evening. Dr. Simpson was painfully injured and the car was demolished. He brought this suit to recover for his injury. On final hearing of the case the jury returned a verdict for the defendant. The court entered judgment on the verdict and refused a new trial. The plaintiff appeals.

The crossing at which the injury occurred was a private crossing, but the trains had been accustomed for some years to whistle for the crossing. The negligence relied on by the plaintiff is the failure of this train to so whistle or give any signal of its approach. He testified that he did not hear the whistle or the signal and two other witnesses for him gave similar testimony. On the other hand, the railroad company proved by six witnesses that the automatic bell was ringing and the regular crossing signal was given by whistle. These witnesses sustained their testimony by circumstances making it impossible for them to be mistaken. The jury evidently believed them and on the whole case it cannot be said that the verdict is against the evidence. It is clearly shown that Dr. Simpson, after he left the distillery, had a clear and unobstructed view of the railroad track for some distance before he reached it and even after he reached the distillery gate he could have seen the approaching train for a long distance if he had looked before driving on the track.

He complains of the instructions of the court which are in these words:

1. "If you believe from the evidence in this case that prior to the accident it had been customary

for the trains to give signals of their approach to the Rock Springs Distillery crossing and that this custom had prevailed to such an extent that persons using the crossing had reason to rely on such signals being given, and the train in question failed to give reasonable signals of its approach to the crossing, and by reason of such failure the plaintiff, Dr. C. E. Simpson, was struck and hurt and his automobile damaged, then the law is for the plaintiff and the jury should so find. Unless you so believe you will find for the defendant.

2. "A signal of the train's approach was reasonable which was ordinarily sufficient to give notice of its coming to persons who were themselves exercising ordinary care for their own safety and in possession of their ordinary faculties.

3. "It was the duty of the plaintiff, Dr. C. E. Simpson, on approaching the crossing, to use such care as may be usually expected of an ordinarily prudent person, to learn of the approach of the train and keep out of its way; and if you believe from the evidence that he failed to exercise such care, and but for this would not have been injured, then the law is for the defendant and you should so find, even though you may believe from the evidence that the defendant, or its employes were negligent as set out in instruction No. 1.

4. " 'Ordinary care' as used in these instructions, means such care as an ordinarily prudent person would exercise under like or similar circumstances. 'Negligence' is the failure to use or exercise ordinary care."

These instructions are those directed to be given in L. & N. Railroad Company v. Engleman, 135 Ky. 521, and have often been since approved by this court.

The court properly refused to instruct the jury that signals of the approach of the train, as required by section 786, Kentucky Statutes, at public crossings should be given, for this was only a private crossing, and there was no such general use of it as would impose upon the railroad company any greater liability than indicated by the instructions given. The distillery was not in operation and there were few persons there except on bottling days, which were only occasional.

The defendant asked the court to instruct the jury that if he was suddenly placed in peril by the failure of the defendant's agents to give reasonable warning of the approach of the train or by their running the train substantially at a greater rate of speed than ordinary care for the safety of others would allow, then he was not guilty of contributory negligence if he did not adopt the best means of escape but made an error of judgment as to the best course to pursue, provided he acted as a person of ordinary judgment and prudence would have done if placed in the same situation. The court properly refused this instruction. He was in no danger at all until he got on the railroad track and there was no effort to show that he omitted anything then that he should have done. There was nothing in the evidence requiring a train to be run at a slower rate of speed. The question of the failure of the trainmen to give reasonable warning of the approach of the train was fully submitted by the other instructions given, and if the instruction asked on this point had been given it could not have affected the result.

Judgment affirmed.