## Deitz' Adm'x v. Cincinnati, N. O. & T. P. Ry. Co.

### Nov. 19, 1943.

280

L. M. Ackman for appellant.

Vic Bradley and F. A. Harrison for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Affirming.

This action was filed to recover damages for the wrongful death of the appellant's decedent at a railroad crossing and resulted in a directed verdict for the railroad company at the conclusion of the plaintiff's evidence.

The crossing is in the town of Williamstown, which has a population of about twelve hundred. There are

two tracks, one northbound and the other southbound. The crossing is wide enough to permit two cars to pass each other thereon and the evidence tends to establish that the roadway is of "blacktop" construction but this fact does not clearly appear. The usual and ordinary boards are laid at the crossing to enable vehicles to pass over the rails. The evidence is rather vague and indefinite as to the location of the crossing but one witness puts it that it is 50 or 60 feet from the end of Main St. The roadway over the crossing leads to White's coal yard. Besides the coal yard, there are six or eight houses on that side of the crossing and, apparently, the remainder of the town is on the other side.

The decedent was driving his automobile slowly over the crossing when it was struck by the train. He had passed over the northbound track and the intervening space and was struck on the southbound track. From a point twenty feet east of the northbound track an approaching train can be seen 450 to 900 feet away, according to the estimate of various witnesses, there being a curve in the track north of the crossing. Consequently, insists the appellee, the decedent would have seen the approaching train in ample time to have avoided being struck had he looked and he was therefore guilty of contributory negligence as a matter of law in failing to look. Numerous witnesses testified that the whistle did not blow for the crossing but blew just as the automobile was struck. There was a complete absence of evidence as to whether the engine bell was ringing.

It seems that the trial court directed the verdict upon the theory that the decedent was guilty of contributory negligence as a matter of law in failing to look and observe the approach of the train. We find it unnecessary to consider the correctness of that ruling since it appears that the evidence failed to establish negligence on the part of the railroad company.

The evidence was insufficient to establish that the crossing was a public one. One or two witnesses testified that it was a public crossing, but this was merely a conclusion on their part. For a crossing to be a public one the road or street on which it is situated must be a public road or street established either in the manner prescribed by statute or by dedication, and if in the latter manner there must be an acceptance. Louisville & N. R. R. Co. v. Survant, 96 Ky. 197, 27 S. W. 999. And

the fact that a crossing is within corporate limits of a town does not of itself impose upon the railroad company the duty of lookout and giving warning. Cincinnati, N. O. & T. P. R. R. Co. v. Blankenship, 157 Ky. 699, 163 S. W. 1123, Louisville & N. R. Co. v. Smith's Adm'r, 186 Ky. 32, 216 S. W. 1063, 1064, Thomas' Adm'r v. C. & O. R. R. Co., 245 Ky. 352, 53 S. W. (2d) 546. In the case before us there was no showing that the road on which the crossing was located was a street of the town, by dedication or otherwise, since the evidence is completely silent as to whether the city maintained the road on which the crossing was located. As far as the evidence goes the road and crossing may have been on private property. The appellant apparently proceeded upon the theory that the crossing was not a public one since he introduced numerous witnesses to show such habitual use of the crossing as to impose upon the company the duty of lookout and warning. But this evidence merely tended to show that the crossing was used daily by as many as 75 persons and this was not such habitual use as to impose the duty of lookout and warning. Louisville & N. R. R. Co. v. Arrowood's Adm'r, 280 Ky. 658, 134 S. W. (2d) 224, Louisville & N. R. R. Co. v. Foust, 274 Ky. 435, 118 S. W. (2d) 771.

But even though the crossing be regarded as a public one, the statutory duty of signaling imposed by KS 786, KRS 277.190, is not applicable since the statute applies only to crossings outside of incorporated cities and towns. In cities and towns the local government regulates the giving of signals. Louisville & N. R. R. Co. v. Thompson's Adm'r, 217 Ky. 21, 288 S. W. 761; Louisville & N. R. R. Co. v. Johnson, 214 Ky. 189, 282 S. W. 1087. In the instant case no regulation of the town was shown and no duty other than the common-law duty to give reasonable warning of the approach of the train to the crossing by ringing the bell or blowing the whistle as required by common law would have been imposed on the appellee even if such use of the crossing had been established as to impose the duty of lookout and warning. Louisville & N. R. R. Co. v. Thompson's Adm'r, supra. Therefore, a signal which is ordinarily sufficient to give notice of the train's approach is reasonable. Simpson v. L., H. & St. L. R. R. Co., 207 Ky. 623, 269 S. W. 749. And since the statute requires notice by whistle or bell, either method is sufficient in the absence of proof to the contrary even where the signal is given

in conformity with the common-law duty. Louisville & N. R. R. Co. v. Bays' Adm'x, 220 Ky. 458, 295 S. W. 452. In the case before us while some witnesses, in answer to questions whether a signal was given, answered in the negative, analysis of the testimony of each witness who so testified makes it apparent that the signal referred to was the blowing of the whistle. The evidence fails to establish that the bell was not ringing so that even though the crossing was one at which the railroad company was required to observe the duty of lookout and warning, no violation of such duty was shown. The burden was on the appellant to establish by evidence that the railroad company was under the duty to signal the approach of the train by bell or whistle and that it failed to do so. The appellant failed to meet this burden and therefore failed to establish negligence on the part of the company. The verdict was properly directed in the appellee's favor.

Affirmed.

Whole Court sitting.