# Chesapeake & Ohio Ry. Co. v. Bailey.

November 4, 1949.

Rehearing denied January 17, 1950.

Browning & Gray and Wells & Wells for appellant.

Wheeler & Wheeler for appellee.

CLAY, COMMISSIONER—Affirming.

Appellee recovered damages against appellant for personal injuries suffered by her when run over on the latter's railroad tracks near Paintsville. The principal issue on this appeal is whether or not the company was entitled to a directed verdict. This in turn depends on whether appellee was a trespasser or a licensee at the place of the accident.

Appellee was struck on appellant's tracks at a point approximately a half a mile northeast of the Paintsville city limits. Between the City and the place of the accident is a small community known as Greentown. Several hundred yards northeast of the Greentown community is a highway crossing with a road leading north about a quarter of a mile to a mining settlement known as Thealka. The accident happened about 100 yards southwest of the crossing between it and Greentown. The point was at the intersection of the mine spur track from Thealka with the main line of appellant.

At Thealka there are residences, a main office, commissary, post office, and school building. The population there is about 400. Greentown consists of 30 or 40 residences. Within the *immediate vicinity* of the accident there are only three houses widely separated. The countryside is hilly, and a steep bluff arises north of the tracks opposite the place of the accident.

Appellee was run over by a long freight train which rounded a sharp curve and struck her from behind. There is evidence the operators of the train were not keeping a lookout and failed to give a warning of its approach. If appellee was a trespasser, the observance of these duties was not required.

The evidence indicates the track at this point was used by a substantial number of people every day. Estimates range up to four or five hundred persons daily passing in the vicinity, though an appreciable number of these apparently used a paralleling highway and a path along the side of the tracks. Appellant practically admits a substantial use of the tracks by members of the public. The narrow issue in the case is whether or not the place of the accident was thickly settled, or if not, its proximity to two communities and the nature of its use were sufficient to impose special duties on appellant.

The principal case relied upon for reversal is Louisville & N. R. Co. v. Adams' Adm'x, 303 Ky. 131, 197 S. W. 2d 93, 95. In that case, where the use of the tracks was sharply disputed, it was stated as a principle of law that not only must the tracks be travelled daily by a large number of persons, but the place of the accident must be in either "an incorporated area or a thickly settled community." In that opinion reference was

made to the cases of Sizemore's Administrator v. Lexington and Eastern Railway Company, 169 Ky. 497, 184 S. W. 383, and Louisville & N. R. Co. v. Bush's Adm'x, 285 Ky. 645, 148 S. W. 2d 1050. An examination of these two earlier cases indicates that the factual situation did not justify the decisions solely on the ground that the places involved were not in an incorporated area or thickly populated community. It was particularly noted in the Bush case that the basis of the injured party's rights is *such extensive use* by the public as to impute knowledge and consent upon the part of the railroad company, thereby imposing on it a duty to anticipate the presence of persons on the track and to take reasonable precautions.

In all of the cases dealing with this question, the most important consideration has been, and necessarily should be, the *use* of the track at the place of the accident. As pointed out in Louisville & N. R. Co. v. Arrowood's Adm'r, 280 Ky. 658, 134 S. W. 2d 224, the composition of the surrounding area is simply one element to be considered in determining whether or not the use was sufficiently extensive to impose on the railroad company duties which would otherwise not exist. It is plainly evident that the character of the vicinity could not be controlling. It is entirely possible that even in a city or a thickly settled community there might be very little travel on the track by pedestrians, and in this event the duties of lookout and warning would not necessarily rest upon the railroad. On the other hand, as in the case before us, a substantial use of the tracks is shown even though the *immediate* vicinity is not in an "incorporated area or a thickly settled community." There is no magic in the latter phrase.

Looking at the question from another angle, the word "community" is quite elastic and may cover a comprehensive region. It is obvious there could be no extensive use of railroad tracks except in an area where a substantial number of persons are congregated. In the present case, taking into consideration the concentrations of populations in Paintsville, Greentown and Thealka and the travel between these points, we could accurately say that the general vicinity was a thickly populated community.

If appellant's contention was sustained, we would

be required to say that appellant would owe no duties to pedestrians on its tracks if a city or thickly settled community was not built right down to the rails at the point of the accident. No case decided by this Court has gone that far, nor would such a decision be justified. In view of the basis of legal liability, the emphasis in all cases must be upon the extensive use rather than the immediate surrounding topography. Considering the proof in this case, we are of the opinion that an issue was presented for the jury's determination, and therefore appellant was not entitled to a directed verdict.

Complaint is also made of Instruction No. 1 on the grounds that the jury: (1) should not have been required to find that at least 150 persons daily used the tracks for pedestrian travel, and (2) should not have been allowed to determine whether or not the place of the accident "was a thickly settled area." In certain respects this instruction was more favorable to appellant than the law requires, and it contained nothing which could be considered prejudicial error.

For the reasons stated, the judgment is affirmed.