## LOUISVILLE & N. R. CO. v. FRYE.

Court of Appeals of Kentucky.
Feb. 15, 1952.

C. S. Landrum, C. E. Rice, Jr., Lexington, Chenault Huguely, Danville, for appellant.

James F. Clay, Danville, for appellee.

LATIMER, Justice.

In seeking to reverse judgment of $1100.-75 in favor of appellee, appellant insists that the lower court erred (1) in giving instruction No. 1; (2) in refusing to give instruction "B" offered by appellant; and (3) because the verdict is excessive.

The injury, out of which the action arose, occurred when one of appellant's passenger trains struck the rear-end of a truck upon which appellee and others were riding on their way to work. Appellee in his petition alleged that the train was operated in such a negligent manner as to run into the truck, thereby injuring appellee. In addition to denial, the answer contained a plea of contributory negligence on the part of appellee and those with whom he was riding in the joint venture of traveling to their work.

On the day of the trial, appellee offered an amended petition wherein he sought to charge appellant with negligence in leaving cars on the sidetrack, thus obstructing the view of the occupants of the truck. The court declined to allow this to be filed. Consequently, under the pleadings, the question for trial was whether or not the injury sustained was due to negligent operation of the train and whether or not appellee was guilty of contributory negligence, but for which the accident would not have happened. Evidence was introduced by both parties to sustain their positions.

The testimony of appellee was to the effect that the accident occurred at a public grade crossing; that the truck stopped; that the driver of the truck lowered the window, "knocked out his pipe", rolled up the window and proceeded; that at the point where the truck stopped appellee and those riding on the truck could not see an approaching train because of cars on the sidetrack; and that none of them heard the approaching train or the sound of either whistle or bell. Other witnesses, not associates of parties on the truck, who were in their homes near the railroad track at the time, testified that the statutory signals were not given as the train approached the crossing.

In defense to the charge of negligence, appellant introduced evidence, by its engineer, fireman, and other witnesses who saw and heard the train, showing that the bell was rung and the whistle sounded for the crossing and that the truck, traveling at about 25 miles per hour, was driven onto the track immediately in front of the train. We thus see the conflicting evidence on which the cause was submitted to the jury and the judgment above rendered.

Appellant insists that the court erred in instruction No. 1 in that appellant was required to sound the whistle and ring the bell at a distance of at least fifty rods from the crossing. KRS 277.190 provides: " * * * The bell shall be rung or the whistle sounded, outside of cities, at a distance of at least fifty rods from the place where the track crosses upon the same level any highway or crossing at which a signboard is required to be maintained," and further provides: "and the bell shall be rung or the whistle sounded continuously or alternately until the engine has reached the highway or crossing. * * *"

It will be noted that the initial duty under the section of the statute above is to ring the bell or sound the whistle at a distance of at least fifty rods from the crossing. The court instructed the jury that it was the duty of appellant to ring its bell and blow its whistle at a distance of fifty rods from the crossing. This imposed a greater duty than imposed by the statute. We have held that either the ringing of the bell or the sounding of the whistle is sufficient. Deitz' Adm'x v. Cincinnati, N. O. & T. P. Ry. Co., 296 Ky. 279, 176 S.W.2d 699. For this reason, the judgment will have to be reversed.

In the instruction the court properly followed the remainder of the section above by requiring that either the bell be rung or the whistle be sounded continuously or alternately until the crossing was reached. This would indicate that the court inadvertently used the word "and" in the first part of the instruction instead of "or".

Having concluded the cause must be reversed for the reason above, we think it unnecessary to discuss the refusal to give the offered instruction relative to the question of negligence in leaving cars on the sidetrack in such manner as to obstruct the view of those using the highway, especially since appellee indicates in brief that upon another trial amended petition will be filed bringing that question directly in issue.

In the light of this evidence and the present deflated value of the dollar, we are not disposed to say that the verdict was excessive.

The judgment is reversed for proceedings consistent herewith.