## Sim's Admr v. Chesapeake & Ohio Railroad Co.

(Decided October 12, 1910.)

### Appeal from Greenup Circuit Court.

Railroads—Negligent Killing—Conflicting Evidence—Peremptory In- struction.—On the trial against a railroad company charged with the negligent killing of a man by its train, the fact that the defendant's evidence conflicts with the plaintiff's evidence is no reason for the giving of a peremptory instruction to find for the railroad company.  Where the evidence is conflicting, the credibility of the witness is for the jury, and where there is any evidence for the plaintiff or any facts shown from which the inference may be fairly drawn that the thing occurred as claimed by him, the question is for the jury, although the de- fendant's evidence may show that the thing occurred in a different way or from a different cause.

SCOTT & HAMILTON and S. S. WILLIS for appellant.

WORTHINGTON, COCHRAN & BROWNING for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Oscar Sims lived with his father about a mile and a quarter south of Ashland and near the line of the

Chesapeake & Ohio railway. Not far from his father's house a public road crossed the railroad. On August 29, 1908, Sims was in Ashland after night, and visited a young lady. After leaving her house he started home. When he passed the station, a policeman who was there saw that he was intoxicated and advised him not to go through the tunnel. He thanked the policeman for his advice and went on. A lady who lived not for from the road crossing heard him holler in front of her house. She was in bed and did not get up, but recognized his voice as she knew the young man well. From her house to his father's the direct way was to follow the county road across the railroad. A passenger train going east came along in about half an hour, and after the train passed, his dead body was found about thirty-five feet east of the railroad crossing. The body was so mangled as to be almost past recognition, and that he was killed by the train there is no question. This suit was brought by his personal representative to recover for his death. At the conclusion of the evidence for the plaintiff, the defendant moved the court to instruct the jury peremptorily to find for it. The motion was overruled, and the defendant then introduced its evidence. At the conclusion of all the evidence the defendant renewed its motion for a peremptory instruction, which the court gave. The jury having found for the defendant and the court having entered judgment upon the verdict, the plaintiff appeals.

The father of the young man testified that he went to the crossing the next morning; that the cinders were scuffed up as if something had been dragged over them from the road. Other witnesses testified to seeing the sign of a body being dragged in the cinders from the second or third tie beyond the end of the plank nailed on the ties for the crossing, and to seeing the blood and hair and scraps of his clothes on the ties west of the cattle guard, which was eight feet from the crossing. The plaintiff also proved by several witnesses that the train gave no signal of its approach to the crossing. While the proof for the plaintiff is necessarily circumstantial, it is sufficient standing alone, to warrant the conclusion that the deceased, after calling at the neighbor's house went on down to the railroad, and as he was crossing the track, was struck by the train, which gave no warning of its approach; and the circuit court properly refused at the

conclusion of the plaintiff's testimony to instruct the jury peremptorily to find for the defendant.

The defendant proved by its engineer and fireman that they did give signals of the approach of the train to the crossing, and it introduced several witnesses who were not on the train who testified to hearing the signals. The defendant also proved by its employes on the engine that they were on the lookout as the train approached the crossing and saw no one there. The track was comparatively straight up to a few feet of the crossing; there a curve set in but there was nothing to interfere with their seeing one on the crossing. They did not know that the man had been killed until they were told of it at Ashland. The defendant also proved by its agents at Ashland who examined the engine and tender, there, that there was no blood or any sign of the accident anywhere on the engine, but that there were marks of flesh and blood and some small pieces of bone upon the oil box, which is on the left side of the tender, and along the front truck; also, flesh and blood and bones on the box of the rear truck, and blood on the rear wheel of the rear truck on the left side. Similar signs were found on the trucks of the baggage car underneath and between the wheels on the trucks. There were no signs on the body of the car, but on the trucks it was no more on one side than on the other.

The court in giving the jury the peremptory instruction upon all the evidence seems to have done so upon the idea that the testimony for the defendant showed that the deceased was lying down by the side of the railroad track and raised up after the engine passed him and was struck by the boxing of the tender. It is insisted for the appellee that from the evidence as a whole, it may as reasonably be concluded that the deceased came to his death in this way as that he came to his death from being struck while passing over the crossing. We are cited to a number of opinions in which it has been held that where from the evidence for the plaintiff the inference in favor of the defendant's negligence is no stronger than the inference that the injury occurred in some other way, a peremptory instruction should be given. But this rule has no application. The difficulty here does not arise upon the plaintiff's evidence. The plaintiff's evidence tends to show that the man was struck by the engine; the defendant's evidence tends to show that he was struck by the tender after the engine passed him. But

the fact that the defendant's evidence conflicts with the plaintiff's evidence is no reason for the giving of a peremptory instruction. It is only where the uncertainty arises from the plaintiff's own evidence that the peremptory instruction may be given. Where the evidence is conflicting, the credibility of the witnesses is for the jury; and where there is any evidence for the plaintiff or any facts shown from which the inference may be fairly drawn that the thing occurred as claimed by him, the question is for the jury, although the defendant's evidence may show that the thing occurred in a different way or from a different cause. Under the evidence the court should have submitted the case to the jury under instructions defining the rights of the parties under the facts, as they were shown by the evidence for each of them.

We see no other error in the record; but for the error indicated, the judgment is reversed and the cause remanded for a new trial.