## Byrge's Adm'x v. Louisville & N. R. Co.

May 18, 1943.

Jesse Morgan for appellant.

Craft & Stanfill, C. S. Landrum and H. T. Lively for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

On the first trial of this cause (Louisville & N. R.

Co. v. Byrge's Adm'x, 273 Ky. 570, 117 S. W. (2d) 585), the evidence showed that Byrge was run over by one of the Company's trains while lying on his back on the railroad track several hundred feet north of the depot at Hazard, shortly after daybreak on the morning of June 17, 1934. The only eyewitness was the engineer in charge of the train. This witness testified he did not discover Byrge's peril in time to avoid injuring him. The judgment against the Company was reversed, therefore, because of our rulings to the effect that one sitting or lying upon a railroad track, regardless of the location of the track, is looked upon as a trespasser to whom the Company owes only the duty to exercise ordinary care to avoid injuring him after discovering his peril. The engineer did not testify at the second trial, nor was any testimony offered showing that Byrge was struck or run over by a train. A directed verdict was given in favor of the Company at the conclusion of the appellant's evidence; hence this appeal.

Two witnesses testified they saw Byrge just above the depot at Hazard sometime before daybreak on the morning he was injured. They said they stopped and talked with him a few minutes and that he told them he was on his way to his home at Christopher some three miles from Hazard. Two other witnesses testified they went to the place where Byrge was found after he had been taken to the hospital and that they saw some hair and blood on a railway tie. W. H. Siler testified that shortly after 5 o'clock on the morning in question he saw a train coming toward the depot and he heard it stop; that if any signals were given he did not hear them; that as he was going home from the premises of the Home Lumber Company where he was employed he saw the train standing near the Lumber Company; that he went to that point and was told by the boys "they had found a man there;" that he was told it was Ezekiel Byrge; that some of the train crew were talking with Byrge; and that he was lying between the two tracks or on the side track. Considerable evidence was offered to show that a lookout duty was owed by the Company at the place where Byrge was found, because of the use of the tracks by those going from Hazard to Lothair.

A number of cases, including Sims' Adm'r v. Chesapeake & O. Ry. Co., 140 Ky. 241, 130 S. W. 1081, are cited by the appellant in support of the contention that the

presence of an eyewitness to an accident resulting in the death of a person is not requisite to a recovery where there is evidence that the deceased was approaching a crossing or properly using tracks immediately before he was struck by an identified train, the crew of which was guilty of an omission of duty which, if performed, would have apprised the deceased of the train's approach. But an examination of those cases will reveal that the evidence showed that the injuries were inflicted by the train of the defendant company, and that the injured persons were either using the tracks as walkways or were crossing public crossings. Here there is no evidence showing that Byrge was injured by a train; nor was it shown what he was doing at the time he sustained his injuries. While two witnesses said they saw him near the depot during the latter part of the night, or shortly before daylight, it was not until after daylight that he was found. Of course, there is testimony that some hair and blood were seen on a railroad tie near the place where he was picked up. This of itself will not impute negligence to the Company. Byrge may have been asleep upon the track, or he may have been assaulted and left there. He may have been walking along the side of the track and have fallen or stumbled into the path of the train, or he may have been injured while attempting to board it. The evidence of Siler as to the signals is only negative evidence, and there is no showing whatever that the members of the train crew were not maintaining a lookout; or that, in the event Byrge was upon the track, his peril was discovered in time to avoid injuring him. Under the circumstances the jury could only have surmised or speculated as to the manner in which he sustained his injuries. Since there was a failure on the part of the appellant to show that Byrge sustained his fatal injuries through negligence of the Company, the granting of a peremptory instruction in favor of the Company was proper. See Stuart's Adm'r v. Nashville, C. & St. L. R. Co., 146 Ky. 127, 142 S. W. 232; Chesapeake & O. R. Co. v. Preston's Adm'x, 228 Ky. 572, 15 S. W. (2d) 427; Louisville & N. R. Co. v. Napier's Adm'r, 230 Ky. 323, 19 S. W. (2d) 997; and the recent case of Barker v. Louisville & N. R. Co., 289 Ky. 347, 158 S. W. (2d) 642, where it was assumed that the deceased was struck and killed by a train at a public crossing.

Judgment affirmed.