## Hurt's Adm'r v. Louisville & N. R. Co.

Nov. 14, 1944.

618

Fred K. Cope for appellant.

Craft & Stanfill, H. T. Lively, C. E. Rice, Jr., and C. S. Landrum for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The appeal has been prosecuted from a judgment entered upon a verdict in favor of the defendant rendered by direction of the Court at the conclusion of plaintiff's evidence. Appellant instituted suit against appellee to recover damages for the death of his decedent, C. C. Hurt, who it is alleged was killed as a result of the negligence of appellee in the operation of a freight train over its railroad line at Duane, in Perry County, Kentucky. The evidence shows that, on March 20, 1943, the deceased left his home on Lotts Creek, in Perry County, to report for work at the tipple of one of the mines of the Ajax Coal Company. No evidence was introduced to show later movements of the deceased during that day or night. His body was found about 9:00 o'clock P. M., approximately three feet beyond the end of a trestle over which the tracks of the defendant pass. When found, the body was severed in the region of the abdomen, the lower portion lying between, the upper portion outside of, the rails of the track. The body ap-

peared to have been severed by a train passing over it at that point. No other evidence was introduced purporting to throw any light upon the manner in which the accident occurred.

An inference is a conclusion reasonably drawn from facts established by evidence. A supposition, or conjecture, is a presumption based upon the theory that the thing or occurrence in question could have existed or happened. Louisville & N. R. Co. v. Mann's Adm'r, 227 Ky. 399, 13 S. W. 2d 257. Negligence may be established by proof of facts from which an inference may be drawn; and if, directly from proven facts, without dependence upon an intervening inference, it is reasonable to conclude that death ensued as a result of negligence of the defendant, the question of negligence, and liability therefor, must be submitted to the jury. But, before the inference may be indulged, proof of the fact establishing the basis for the inference must be clearly shown; the inference to be drawn may not depend upon a prior inference adduced from a fact. From the evidence introduced in this case, the inference reasonably may be drawn that the deceased was run over and killed by one of appellee's trains. But such inference may not be used as a stepping stone to indulge the further inference that the train ran over the deceased as a result of its negligent operation. To arrive at the conclusion that Mr. Hurt came to his death as a result of negligence in the operation of a train, the jury would be required to draw three inferences: First, that a train ran over the deceased, based upon the fact that the body was found severed on the track. Second, that the deceased appeared on the track in time to have been seen by those in charge of the operation of the train; this inference could be based only on the first inference. The third inference, depending entirely upon the verity of the second, would be that the persons in charge of the train before the happening of the accident were not keeping a lookout ahead. Since the second and third inferences can be based only on prior inferences, they amount to mere suppositions. In Chesapeake & O. R. Co. v. Preston's Adm'x, 228 Ky. 572, 15 S. W. 2d 427, 428 the Court said:

"The courts cannot enter the realm of speculation and upon some possibility, theory, or assumption permit a recovery for a tortious act. It is a thoroughly estab-

lished rule in the law of negligence that, where an injury or death may from the facts and circumstances be as reasonably attributed to a cause that will excuse a defendant as to a cause that will subject him to liability, the former will be presumed. To state the rule differently: Where the evidence is equally consistent with the absence as with the existence of negligence as the proximate cause of injury, the plaintiff has failed to make out a case to submit to a jury.

"There is entire absence of proof of any sort of negligence on the part of the railroad company. If it should be conceded that Preston was killed by a train, the company was not required to disprove negligence or to overcome any presumption of negligence. * * * The mere fact that a person is found dead at or on a railroad, whether it be at or near a public crossing, is not in itself sufficient to authorize the submission of the case to the jury. Stuart's Adm'r v. Nashville, C. & St. L. R. Co., 146 Ky. 127, 142 S. W. 232."

To the same effect are Louisville & N. R. Co. v. Cook, 183 Ky. 773, 210 S. W. 661; and Sutton's Adm'r v. Louisville & N. R. Co., 168 Ky. 81, 181 S. W. 938.

Here, as in the Preston case, there is an entire absence of proof of any sort of negligence on the part of the railroad company; and, if it should be conceded that Hurt was killed by a train, appellee was not required to disprove negligence. The evidence in this case is as susceptible of the theory that Hurt was filching a ride on a train and fell under the wheels, or, in attempting to board the train, slipped thereunder, as it is susceptible of the theory that Hurt was on the track before the train reached the trestle, and was run over and killed by reason of the failure of the persons in charge of the train to keep a lookout ahead; even though it be conceded, although it was not proven in this case, that the employees of the railroad company owed Hurt a lookout duty.

The judgment is affirmed.

Whole Court sitting.