## Chesapeake & O. Ry. Co. v. Litteral's Adm'r.

May 18, 1945.

LeWright Browning and Wells & Wells for appellant.

W. J. Ward for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Reversing.

The entire testimony on material facts of this case is merely that Mrs. Jess Fairchild, who lived by the defendant's railroad tracks, in the early afternoon of December 6, 1943, saw Powell Litteral pass her house walking on the track "with a bundle under his arm and a poke in his hand." About two hours later she was asked by a man who was employed as a railroad brakeman if she knew the man that was killed, adding, "We didn't kill him." As she went down the track, another man on a caboose asked her if she knew the man. Two trains, a slow coal train and a fast passenger train, had passed during the intervening two hours. Mrs. Gladiolus O'Neil testified that about this time she was on the railroad right of way and that a train passed her "going so fast it made me scream." Other witnesses related the finding of Litteral's body on the side of the track with abrasions or lacerations on his head, a broken leg, and perhaps other bruises.

Upon this evidence the court submitted the case under an instruction which, in substance, directed the jury to find a verdict in favor of Litteral's administrator if they believed from the evidence that the servants in charge of "the train" saw the deceased on its track and carelessly and negligently ran it over or against him and thereby killed him; and unless they so believed to find for the defendant.

From the beginning of suits of this kind, this Court has held that a case should not be submitted to the jury where there was only surmise that the deceased person had been struck by a train, or where there was no evidence of negligence. The doctrine of res ipsa loquitur certainly has never been applied. It has been a con-

sistent declaration that where a person who was in possession of all his faculties is found dead on a railroad right of way, although evidently killed by a train, no presumption of negligence on the part of the company arises, especially where the person killed was a trespasser. An early case is Louisville, St. L. & T. Ry. Co. v. Terry's Adm'x, 47 S. W. 588, 20 Ky. Law Rep. 803. A late case is Byrge's Adm'x v. Louisville & N. R. Co., 294 Ky. 366, 171 S. W. 2d 1010.

A peremptory instruction to find for the defendant should have been given. There is no need to point out the serious defects in the instructions that were given.

Judgment reversed.