## Chesapeake & O. Ry. Co. v. Williams' Adm'x.

June 12, 1945.

LeWright Browning and Wells & Wells for appellant.
Wheeler & Wheeler for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Powell Williams was killed by one of the appellant's trains near West Van Lear, in Johnson County. He was struck at a point some 400 or 500 feet south of a public crossing and approximately 175 feet north of a private crossing. There were no eyewitnesses to the accident. Mrs. Williams testified she saw the train, which consisted of an engine and one coach, approaching from the direction of the public crossing; "it was coming so rapidly and so fast and made so much noise;" no signals were sounded; and shortly after it passed out of her view and when it was near the private crossing she heard the whistle blow and a moment later heard the brakes applied. There was testimony also showing that the view was unobstructed for approximately 1000 to 1200 feet as the train approached the scene of the accident. The Company moved for a peremptory instruction at the conclusion of the appellee's evidence. This motion was overruled, and when the Company declined to introduce any evidence the case was submitted to the jury. The

jury returned a verdict against the Company in the sum of $15,000, but found in favor of the individual defendants, the members of the train crew. From a judgment on that verdict this appeal is being prosecuted.

The Company insists (1) it was entitled to a peremptory instruction; (2) the verdict in favor of the individual defendants, its employees, is conclusive as to its nonliability; and (3) the court erroneously instructed the jury. All three points are well taken.

There was no evidence showing negligence in the operation of the train. The appellee contends no signal was given for the public crossing near the West Van Lear station, and that, because of the thickly settled community, the train crew should have been maintaining a lookout. The first contention overlooks the fact that Williams was not struck at the public crossing, but some 400 or 500 feet south thereof. No evidence was offered tending to show the extent of the use of the track as a passway by the public. Furthermore, we gather the impression from the record that the accident occurred in open country rather than in a thickly settled community. But, even if it be assumed that the train crew should have been maintaining a lookout, there is no evidence tending to show that Williams' peril was discovered in time to have avoided the accident. He may have deliberately stepped in front of the train, or he may have stumbled and fallen under it for aught the record shows. As we view the case, Williams was a trespasser at the time and place of the accident, and the Company owed him no duty other than to exercise ordinary care to avoid injuring him once his peril was discovered. Louisville & N. R. Co. v. Pennington's Adm'r, 278 Ky. 436, 128 S. W. 2d 934; Henry's Adm'x v. Illinois Central R. Co., 282 Ky. 101, 137 S. W. 2d 1081.

We have pointed out repeatedly that the mere proof that a person is run over and killed by a train is not sufficient to sustain a recovery. A case should not be submitted to the jury where it is apparent that a verdict in favor of the plaintiff can be arrived at only through surmise and speculation, no negligence having been shown on the part of the defendant. Byrge's Adm'x v. Louisville & N. R. Co., 294 Ky. 366, 171 S. W. 2d 1010, and cases cited therein.

We have noted the jury found in favor of the individual defendants, the members of the train crew. The

Company's liability was based on the doctrine of respondent superior and was therefore derivative, since it was based upon the charge of negligence upon the part of the train crew. A finding that the servant is guilty of no negligence conclusively establishes non-liability of the master. Louisville & N. R. Co. v. Farney, 295 Ky. 8, 172 S W 2d 656, and cases cited therein. When the jury returned a verdict in favor of the individual defendants, the court should have set aside the verdict against the Company and entered judgment in its favor.

The instruction complained of follows:

"Instruction No. 1. If the jury should believe from the evidence that the defendant Company, its agents and servants in charge in said train knew of the decedent's presence on its track, or by the use of ordinary care could have known of his presence thereon, and that same was dangerous or perilous, then it was the duty of the defendant to use ordinary care to prevent injury and resulting death to the decedent, and if the defendant failed to do so, and by reason of such failure, if there was any and decedent was killed, then you will find for the plaintiff. If you do not so believe and find, you will find for the defendant."

Apparently, the instruction was based upon the idea that Williams was a licensee, and therefore the Company owed him a lookout duty. It has been pointed out already, however, that we are of the opinion he was a mere trespasser and no lookout duty was owing to him. The only duty which the Company owed him was the exercise of ordinary care to avoid injuring him once his peril was discovered. See Stanley's Instructions to Juries, section 655, for a proper instruction.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.