## Louisville & N. R. Co. v. Adams' Adm'x.

Nov. 20, 1945.

C. S. Landrum, L. E. Harvie and C. E. Rice, Jr. for appellant.
C. W. Napier and Stephen Combs, Jr. for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Reversing.

The appeal is from a judgment entered upon a verdict of a jury in the sum of $1,500 for the death of appellee's intestate, Mose Adams. It was alleged that Adams came to his death as a result of the negligent operation of a train which was proceeding over a railroad crossing and a bridge in the direction of a tipple of the Premium Coal Company, near Hot Spot, Kentucky. Between 6 and 8 o'clock on the night of December 23, 1943, Mr. Adams, in company with several of the witnesses, was drinking beer on the licensed premises of John D. Frazier, which are approximately 300 feet below the point where a public highway crosses the railroad tracks. Whilst the witnesses were reluctant to testify that the deceased was intoxicated, their revelations of his actions indicate this fact. Between 8 and 9 o'clock, the deceased walked from the roadhouse toward his home, which would have necessitated his crossing the railroad at the crossing referred to. He was accompanied half the distance to the crossing by James Gilley, and was not seen alive thereafter. Between 10 and 11 o'clock that night, Millard Frazier, who lived two or three hundred feet above the crossing, heard Adams call "to come and get him." Frazier was in bed, but immediately began dressing; and while he was lacing his shoes, a train passed his house going toward the coal tipple. After the train passed, Frazier found Adams' mangled body between two ties on the lower end of the railroad bridge, 86½ feet from the crossing. There were flesh, bones, and gore on the crossing and on the lower end of the bridge. There was testimony that the train did not sound the statutory signals for the crossing, and did not have a sufficiently strong headlight to maintain a lookout duty. The train was composed of an engine attached to the rear of seven coal cars, and was pushing the cars rather than pulling them. An examination of the cars disclosed that the front end of the leading car had not struck the body, but that the rear part of the second car and the wheels of the third car had passed over it. The speed of the train variously was estimated at between four and ten miles per hour. A brakeman employed by appellant was riding on the front end of the leading car, and testified that the front end of the car did not strike or pass over the body, and that he did not see any one on or

near the tracks. The other men in the crew testified that they felt nothing which would indicate that they had struck any foreign object.

In a long line of cases, we have held that, although the evidence would indicate with reasonable certainty that death was caused by a collision with a train, even at a railroad crossing, this fact alone does not authorize a recovery from a railroad. Strock's Adm'r, v. Louisville & N. R. Co., 145 Ky. 150, 140 S. W. 40; Chesapeake & O. Ry. Co. v. Litteral's Adm'r, 300 Ky. 24, 187 S. W. 2d 824; Hurt's Adm'r v. Louisville & N. R. Co., 298 Ky. 617, 183 S. W. 2d 628. In Chesapeake & O. Ry. Co. v. Preston's Adm'x, 228 Ky. 572, 15 S. W. 2d 427, 428, the Court said:

"The courts cannot enter the realm of speculation and upon some possibility, theory, or assumption permit a recovery for a tortious act. It is a thoroughly established rule in the law of negligence that, where an injury or death may from the facts and circumstances be as reasonably attributed to a cause that will excuse a defendant as to a cause that will subject him to liability, the former will be presumed. To state the rule differently: Where the evidence is equally consistent with the absence as with the existence of negligence as the proximate cause of injury, the plaintiff has failed to make out a case to submit to a jury.

"* * * The mere fact that a person is found dead at or on a railroad, whether it be at or near a public crossing, is not in itself sufficient to authorize the submission of the case to the jury."

The evidence in this case is as consistent with appellant's theory that the deceased, while drunk, was attempting to obtain a ride on the train at a point where he could not have been seen by the crew, and that he fell therefrom, receiving the injuries that resulted in his death, as it is with appellee's theory that, in attempting to cross the track in front of the train, his injuries were proximately caused by the failure of the crew to give signals of its approach or to maintain their lookout duty. That being true, under the rule above quoted, the Court should have sustained appellant's motion for a directed verdict.

The judgment is reversed, for proceedings not inconsistent with this opinion.