## Rhodes-Burford Co. v. Mitchell.

February 17, 1948.

Joe L. Price, Judge.

Wheeler, Marshall & Shelbourne for appellant.

Richard R. Bryan and Roy N. Vance for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellee, Troy Mitchell, instituted this action against the appellant, Rhodes-Burford Company, and one of its employees, Frank Gourieux, to recover damages for an alleged personal injury. Mitchell went to the Company's warehouse to obtain a piece of cardboard to use in making a screen. While he and Gourieux were removing a mattress carton, which had been placed on top of some furniture, the carton struck a piece of furniture, thereby causing it to fall on Mitchell's foot. The trial resulted in a judgment in favor of Mitchell against the Company in the sum of $850.

In urging reversal the Company contends that no actionable negligence was shown; Mitchell was a licensee rather than an invitee; and there was no reason for exonerating Gourieux and submitting the case as to it.

Mitchell said that after he had made known his wishes to Gourieux he was told, "Come on, I will get it." On the other hand, Gourieux said he told Mitchell, "Wait and I will get it for you." Mitchell denied he made a statement to the effect that "If I would have listened to you, this would not have happened." According to him, Gourieux' actions in jerking the carton down caused it to strike the piece of furniture which fell upon him. He said also that he had paid for all items he had obtained from the Company's retail store in the past, but he did not know whether he would be expected to pay for the cardboard. Furthermore, it does not appear that he was sent from the retail store to the storage department.

Able arguments have been advanced in support of the first two contentions of the Company, but when Mitchell's testimony is taken as a whole we cannot escape the view that he offered more than a scintilla of evidence in support of his case.

We take a different view, however, of the third ground urged for reversal. This proposition can be

better understood by quoting in full the first and second instructions given by the court. They follow:

"If you shall believe from the evidence in this case that on the occasion testified about herein, the defendant's agent invited plaintiff to accompany him to the place where the cardboard cartons were stacked, and if you shall further believe from the evidence that defendant's agent, in removing the carton from the place where it was stacked, did so in a careless and negligent manner, and that by reason thereof and as the direct and proximate result thereof it was caused to fall and injure the plaintiff, then the law is for the plaintiff and you will so find, but unless you shall so believe from the evidence, the law is for the defendant and you will so find.

2. "It was the duty of the plaintiff, at the time and place mentioned in the evidence, to exercise ordinary care for his own safety, and if you shall believe from the evidence that plaintiff undertook to help the defendant's agent remove the carton mentioned in the evidence, and in so doing he negligently helped to cause or produce the accident complained of, that but for same said accident would not have occurred, then the law is for the defendant, even though you may believe from the evidence that defendant's agent was also negligent."

Objections to the instructions were raised in the motion and grounds for a new trial, but counsel for Mitchell take the position that the specific question here discussed was not raised properly. It is their view that the only question to be submitted to the jury was, whether or not Gourieux, the Company's agent, was negligent, and that this question was properly embodied in the instructions.

The Company's liability is founded upon the doctrine of respondeat superior. Therefore, it is derivative, since it is based upon the charge of negligence on the part of one of its employees. Louisville & N. R. Co. v. Farney, 295 Ky. 8, 172 S. W. 2d 656; Chesapeake & O. Ry. Co. v. Williams' Adm'x, 300 Ky. 850, 190 S. W. 2d 549. We think, in effect, the court actually gave a peremptory instruction in favor of Gourieux. In reaching this conclusion we have taken into consideration the instructions; the jury's verdict, which read, "We, the

jury, find for the plaintiff Eight Hundred and Fifty ($850.00) Dollars;'' and the judgment which was rendered against the Company only. The Company and Gourieux were made parties defendant, obviously, for reasons which counsel for Mitchell deemed advantageous to him, and the trial was had accordingly. The instructions show that liability was to be determined upon whether or not ''the defendant's'' agent was negligent. If the jury so found the law was said to be for ''the defendant.''

An attempt is made to distinguish the cases heretofore referred to on the ground that the jury did not find against the master and in favor of its servant, but we do not think such a distinction can be drawn here for reasons given heretofore.

Judgment reversed, with directions to set it aside and for proceedings consistent with this opinion.