Dora Lee McKAMEY, Adm'x of the Estate
of William Oscar Robbins, Deceased,
Appellant,

v.

**LOUISVILLE & NASHVILLE RAILROAD
COMPANY, Appellee.**

Court of Appeals of Kentucky.

Oct. 8, 1954.

James C. Brock, Harlan, for appellant.

J. C. Baker, Harlan, Henry L. Bryant, Pineville, Ky., C. E. Rice, Jr., C. S. Landrum, Lexington, for appellee.

STEWART, Chief Justice.

In an action in Harlan Circuit Court appellant sought to recover damages in the sum of $20,000 from appellee, Louisville & Nashville Railroad Company, alleging her intestate's death was proximately caused by appellee's negligence. This is an appeal from a judgment entered upon a verdict directed for appellee at the close of appellant's evidence, the lower court holding appellant had failed to connect her intestate's death with any negligent act of appellee.

■ The evidence discloses that about 9:00 p.m. on November 24, 1952, William Oscar Robbins was found lying between the rails of a spur-line track belonging to appellee, which track is located in Harlan County and extends from the main line of the railroad at Lenarue to Mary Helen. The accident occurred near the community of Mary Helen, a small, unincorporated mining settlement. At the time he was discovered, Robbins was in an unconscious and dying condition and lay parallel with the tracks, with a severed foot lying outside of one of the rails of the track, thus indicating some heavy object had run over the leg between the knee and ankle. Robbins had also received severe head injuries and his chest had been crushed as a result of a blow from the back. The body was some 10 or 15 feet distant from a passway or old crossing. Robbins died while he was being removed to a nearby hospital.

In urging a reversal, appellant insists the lower court erred when it instructed the jury to find for appellee, first, because appellant had failed to establish that Robbins was killed at a public crossing, and next, because appellant had failed to establish that Robbins' injuries and death resulted proximately from the negligent operation of a train of appellee's. It is appellant's contention, on the contrary, that Robbins was fatally hurt at a public crossing and it is argued in this connection that the accident was due to appellee's failure to give warning and keep a lookout at the crossing.

The record is silent as to how Robbins received his injuries. The reason is that no one saw the mishap. Appellant's witnesses, Dr. William Smith and Reid Brock, both of whom arrived after the accident, saw Robbins in a stricken condition on the railroad track, and each testified Robbins was found at a point from 10 to 15 feet from a passway or an old crossing. Brock also stated that the passway or old crossing, some years back, had been used as a logging road and that it presently served only one house up in a "little hollow" beyond the railroad. There is no evidence that the crossing had ever been dedicated for public use or that the proper authorities of Harlan County had ever accepted and established the crossing as a public road or had ever worked it as a public way. At the most, it seems to have been used only occasionally. Aside from the fact that it was not proven Robbins was struck by one of appellee's trains at the crossing near which he was found, the evidence does not support appellant's theory that it was a public crossing or one where the duty to give a warning or to keep a lookout were owed at 9:00 o'clock at night. Louisville & N. R. Co. v. Engle, 278 Ky. 576, 129 S.W.2d 133; Hungate v. Hines, 188 Ky. 365, 222 S.W. 83. Nor does it appear that this was a private crossing, used with such frequency by a sufficient number of persons and with the consent of the railroad, as would require the precautionary duties contended for by appellant. Deitz' Adm'x v. Cincinnati, N. O. & T. P. Ry. Co., 296 Ky. 279, 176 S.W.2d 699; Louisville & N. R. Co. v. Jackson, 286 Ky. 595, 151 S.W.2d 386. In our opinion the lower court properly held the evidence did not establish that the passway or old road was a public crossing. It follows that appellee was relieved of the duty to give warning and maintain a lookout as if the crossing were a public one.

The only evidence as to trains passing that could have been in any manner involved in the accident was that of Vera Roberts, who was introduced as a witness for appellant. She testified she looked out a window where she lives and observed a train of 30 empty coal cars being shoved by an engine "up the hollow," running at a high rate of speed and traveling through the crossing without lights or warnings from the train or any signal device at the crossing. Later, she saw an engine pulling loaded coal cars in the opposite direction. Soon thereafter Robbins' mangled body was found on the track. However, she did not see the decedent at any time.

From the medical testimony, the conclusion is inescapable that the decedent was killed by a train. Just what train ran over him or under what circumstances he met his death we ·can only speculate. He may have been sitting or lying asleep on the track at the time. He may have fallen between the cars of a moving train and was run over as he attempted to board it. He may have been riding on the train from which he fell and was fatally hurt when he tried to jump off it. We could speculate endlessly in this manner, and this only demonstrates how the evidence adduced in this case furnishes a basis for nothing more than conjecture as to the cause of the unfortunate accident.

██ There is no presumption of negligence from a mere fact of injury. Barker v. Louisville & N. R. Co., 289 Ky. 347, 158 S.W.2d 642. It is indispensable that there be some competent evidence from which it may be fairly and reasonably inferred that the act of negligence charged caused the injury complained of. Moore v. Illinois Cent. R. Co., 298 Ky. 433, 183 S.W.2d 29. In Louisville & N. R. Co. v. Adams' Adm'x., 301 Ky. 7, 190 S.W.2d 690, 691, we made this statement which is in every· respect applicable to the facts of this case:

"'* * * It is a thoroughly established rule in the law of negligence that, where an injury or death may from the facts and circumstances be as reasonably attributed to a cause that will excuse a defendant as to a cause that will subject him to liability, the former will be presumed. To state the rule differently: Where the evidence is equally consistent with the absence as with the existence of negligence as the proximate cause of injury, the plaintiff has failed to make out a case to submit to a jury.

"'* * * The mere fact that a person is found dead at or on a railroad, whether it be at or near a public crossing,· is not in itself sufficient to authorize the submission of the case to the jury.'"

██ We' reiterate that the evidence discloses only that the decedent was found in a dying condition on the track over which the trains of appellee were run and that there was a complete failure to establish that his injuries ·and death resulted proximately from the negligent operation of one of appellee's trains. Therefore, the lower court did not err in sustaining appellee's motion for a directed verdict.

Appellee raised certain procedural questions under the new Civil Rules which we deem it unnecessary to consider in view of the conclusion we have reached in this case.

Wherefore, the judgment is affirmed.