**Fred ROWE, Jr.'s Adm'r (Fred Rowe), Appellant,**

v.

**CHESAPEAKE AND OHIO RAILWAY CO. (a Corporation), Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1954.

L. D. May, Pikeville, for appellant.

Hobson & Scott, Pikeville, Porter M. Gray (of Gray & Woods), Ashland, for appellee.

WADDILL, Commissioner.

The administrator of the estate of Fred Rowe, Jr., brought this action against the Chesapeake and Ohio Railway Company to recover damages for the alleged wrongful death of his intestate, whose body was found between the rails of a Chesapeake and Ohio Railway Company track at 7:30 a.m., October 11, 1952, at a place approximately five miles west of Elkhorn City, in Pike County. Upon trial of the case, and following a hearing of plaintiff's evidence, the court sustained defendant's motion for a directed verdict. This appeal is from a judgment dismissing the petition.

It is appellant's theory that his intestate was killed by a train while he was walking along the railroad track at a place where its use by the public made him a licensee and imposed upon the railroad company the duty of keeping a lookout and giving warning of the approach of its trains, and that the employees of appellee in charge of its train on the occasion in question failed to observe these duties. It is appellee's contention that the evidence fails to show that appellant's intestate was killed by its train, or that its employees were negligent in any respect in the operation of the train which appellant claims struck young Rowe.

The deceased was 19 years old, and was visiting his parents on a furlough from the Army at the time he met his death. His parents lived in a small rural community known as Phelps. Their home was located approximately 100 feet south of the tracks of the Chesapeake and Ohio Railway Company. To reach the highway from the Rowe home, it is necessary to cross the railroad track and a fork of the Big Sandy river. At this point the fork of the river runs parallel with the railroad tracks. The only means of access across the stream are two walk bridges. On the afternoon of October 10, 1952, at about 1:00 p.m., Fred Rowe, Jr., left his father's home, crossed the river, and drove away in his father's car. There is no evidence showing where he went, or what he did. The automobile was later found to have been returned to the same place from which it was taken. No one testified that he saw Fred Rowe, Jr., between the time he left home on October 10th at 1:00 p.m., and the time his body was found on the railroad track at a place approximately 600 feet from his home.

The appellee owns a line of railroad between Shelby and Elkhorn City in Pike County, which passes through the community of Phelps. The evidence shows that on the night in question only two trains traveled over the line of track where Rowe's body was found. We designate these trains as numbers one and two.

Train number one left Elkhorn City in early morning of October 11, 1952, for Shelby. The particular hour this train left Elkhorn City is not shown by the evi-

dence, but it was shown that this train passed the place where the body was found at about 2:00 a.m., on October 11th. Train number two left Elkhorn City approximately one hour after train number one had departed, and according to its engineer, passed the place where Rowe's body was found some time after 3:00 a.m. The brakeman on train number one testified that when his train approached a place which was about 600 feet from the Rowe home he saw, leaning against a signal post, a young man who was undressed from the waist down. The brakeman stated that the person he saw was wearing a reddish plaid shirt, and before the train had passed him, this person started walking along the path near the tracks traveling in the opposite direction from which the train was going.

According to the testimony of the engineer of train number two, he did not see any one on or near the tracks in the vicinity of where the body was found, and he gave no warning signals of the approach of the train at that point. When the body of young Rowe was discovered, it was clad to the extent as described by the brakeman. One of decedent's shoes was found on the track, and the other shoe was found on the river bank. The decedent's trousers were located on the signal platform, and his coat was found about 50 feet from that place. The deceased was wearing a reddish plaid shirt which answered the description of the shirt worn by the person the brakeman had seen about the tracks earlier that morning.

Apparently it is appellant's contention that the partially dressed person seen walking by the side of train number one by the brakeman was the decedent, and that he was killed by train number two, while he was using the track as a licensee at 2:00 a.m. on the morning in question. The learned trial judge stated his reasons for his decision, which we quote in part, as follows:

"So far as this record goes he (deceased) could have attempted to cross a moving train and have fallen between the cars * * *, and that assumption is not more improbable than any other which might be made to explain the manner of his death. * * * the mere fact that the injury or death occurs is not sufficient to cause some one to have to pay. It has to be shown that the party against whom the action is brought under the law owed some duty that they did not meet. * * *."

Since we are in accord with the views expressed by the trial court, that there is an entire absence of proof of any negligence on the part of the railroad company, we are not concerned with the question of whether or not the deceased was a licensee. If it should be conceded that Rowe was killed by a train, the company was not required to disprove negligence or to overcome any presumption of negligence. McKamey, Adm'x v. Louisville & Nashville Railroad Company, Ky., 271 S.W.2d 902; Chesapeake & O. R. Co. v. Preston's Adm'x, 228 Ky. 572, 15 S.W.2d 427. The mere fact that a person is found dead on a railroad track is not in itself sufficient to authorize the submission of the case to a jury. Stuart's Adm'r v. Nashville C. & St. L. R. Co., 146 Ky. 127, 142 S.W. 232. Among the many other cases in which this Court has held that a jury cannot be permitted to speculate respecting the manner in which a person met his death where his body was found on or near railroad tracks, are: Chesapeake & O. Ry. Co. v. Williams' Adm'x, 300 Ky. 850, 190 S.W.2d 549; Chesapeake & O. Ry. Co. v. Litteral's Adm'r, 300 Ky. 24, 187 S.W.2d 824; Barker v. Louisville & N. R. Co., 289 Ky. 347, 158 S.W.2d 642; and, Louisville & N. R. Co. v. Foust, 274 Ky. 435, 118 S.W.2d 771.

Under the circumstances in this case the jury could have only surmised or speculated on what transpired that resulted in the death of the appellant's intestate. Byrge's Adm'x v. Louisville & N. R. Co., 294 Ky. 366, 171 S.W.2d 1010. Therefore, we think the court correctly directed a verdict in appellee's favor.

Judgment affirmed.